*454
 
 Pearson, J.
 

 It was urged in the argument for the plaintiff, that stock in a Bank or manufactornig company eould not always be bought in the market, like cotton, corn, or government stock in England, and therefore Equity should decree a specific performance of contracts to convey such stock, because a recovery of the value will not, as a matter of course, enable the purchaser to get “
 
 the thing!’
 
 which he contracted for. There is some force in this suggestion, but it is not necessary to decide the question, as there is another ground, upon which the plaintiff is entitled to relief.
 

 This is not merely an executory contract. It is an
 
 executed
 
 contract; or, at least, one, which the parties intended to be executed. The defendant paid the $150 and signed the instrument, which purports to transfer the stock, intending to execute the contract on his part. It was accepted as such by the plaintiff who delivered the negro and bill of sale, as ait execution on his part. It turns out, that the instrument is not effectual, by reason of a mistake as to the manner, in which the transfer is required to be made. The plaintiff seeks to 'have the mistake corrected. His equity is clear. He stands on higher grounds than one, who seeks the specific performance of an executory contract.
 

 When an instrument is intended to carry an agreement into execution, but, by
 
 means
 
 of a mistake either of fact or of law, does not fulfill that intention by passing the estate or the thing bargained for, Equity corrects the mistake. In the exercise of this jurisdiction no distinction is taken in any of the cases between real or personal property, whether the mistake be in reference to a matter of law or of fact.
 

 If a vendor, by mistake in drawing a deed, conveys land, which he did hot intend to sell, the mistake will be corrected.
 
 Pugh
 
 vs.
 
 Brittain, 2
 
 Dev. Eq. 34. So, if a deed conveys only a life estate, when the contract Was
 
 *455
 
 for the fee simple. So, if a deed of bargain and sale, by mistake as to the necessity of enrollment, is not enrolled in six months, Equity will compel the execution of ano-, t.her deed, which may be enrolled.
 
 Curtis
 
 vs.
 
 Perry,
 
 6 Ves. 745.
 

 If a
 
 defective
 
 conveyance be made, as a mortgage in fee by fee-offment,
 
 without livery,
 
 Equity will make good this defect. So, when a power is defectively executed.
 
 Cotton
 
 vs.
 
 Sayer, 2
 
 P. Wms. 623. So, in case of copy^ hold land, where the conveyance is not effectual for the want of a surrender.
 
 Drake
 
 vs.
 
 Robinson,
 
 1 P. Wms. 442. In all cases, where the intention of the parties is to execute a contract by a conveyance, and their purpose is not effected, by reasou of a mistake, Equity gives relief ; for it is against conscience to take advantage of a mistake.
 

 The defendant relies upon the ground, that he was cheated, and insists on the rule, that “a plaintiff must come into Equity with clean hands.” The rule is not applicable to this case ; for, the effect of it would be to allow the defendant to keep the negro, although he has only paid one third of the price he agreed to give — in other words, to take advantage of an admitted mistake, by way,of reprisal or set off, for the fraud alleged to have been practised upon him.
 

 There is no proof of the fraud alleged, by inserting the words “with the exception of a small rupture” in the bill of sale, without the defendant’s knowledge. There .is some proof in reference to the extent of the rupture, but we do not feel called upon to declare how the fact is ; for, if the degree of unsoundness exceed that provided for in the bill of sale, the defendant has a plain and adequate remedy by an action at law upon the warrant}^. There is no principle of law, equity, or morals, by which he can keep the negko, and take advantage of a mistake to avoid paying the price.
 

 
 *456
 
 If he had offered to rescind the contract, and to return the negro upon the repayment of the®250, he would have made out an equity provided the fraud had been proved. But to pay over one third of the price, refuse to pay the balance, and hold on to the negro, is a summary mode of redress, inconsistent with the course of this Court in the administration of justice.
 

 The defendant must be decreed to execute a transfer of the stock to be approved by the Master, and of the dividends accrued, since the time of the contract, and to pay the costs of this suit.
 

 Per Curiam.
 

 Decreed accordingly.