On 6 December, 1864, the defendant, after advertisement, exposed the personal estate of his intestate to public sale, on a credit of twelve months. The conditions of the sale were posted up at the place of sale, and the crier made them known to the bidders. One of the conditions was, that payments should be made in "good current bank money." Bank notes, at that time, were much below specie in value. The complainant, Edward Womack, became a purchaser to the amount of $2,430.81, and gave his note, with the other complainants, Wiley Rudisill and *Page 119 
Joseph Lusk, as sureties. The complainant suggested to the clerk of the sale, one Samuel Black, Esq., that the note should be expressed to be payable in "good current bank money," according to the conditions of sale. Black, on whom he relied as a man accustomed to such business, informed him that it was unnecessary to insert those words, as they would be implied; and the note was expressed in the usual form, and in general terms.
The defendant refused to take bills issued by the chartered banks of the State, or their equivalent in specie, in payment of the note, and has sued at law for the full amount in the present currency of the country.
These are the essential facts as alleged in the bill and admitted in the answer, or established by the proofs.
The prayer of the bill was that the note should be corrected and made to conform to the understanding of the parties (as above) for an injunction against the proceedings at law, for an account, and for general relief.
The complainants executed the note under a mistake (163) in regard to a matter of law, into which they were led by confiding in the opinion of Samuel Black, Esq., who was acting clerk and agent of the defendant.
We had at first some difficulty, because the complainants had notice of the words used in the note, and the mistake was in regard to the legal effect of the words used. But McKay v. Simpson, 41 N.C. 452, settles the question. It is there held: "Where an instrument is intended to carry an agreement into execution, but, by reason of a mistake, either of fact or oflaw, does not fulfill that intention, equity corrects the mistake."
PER CURIAM. Decree for complainants.
Cited: Lyman v. Califer, 64 N.C. 573; Kornegay v. Everett, 99 N.C. 34.