NEWBERN BANKING & TRUST COMPANY v. R. N. DUFFY et als.

(Filed 21 September, 1910.)

1. Notes—Pleadings—Judgments—Interest—Default—Demand—Stipulations.

In an action upon a promissory note before the date named for its maturity, the note providing that if "any instalment of interest is not paid when due or ten days after demand" the principal shall become due and payable, it is necessary to show that default was made under the terms of the proviso, for the note is not due till then; and when the allegation of a demand for the interest has been denied, a judgment cannot be had upon the pleadings, for an issue of fact has been raised.

2. Same—Waiver.

The provision in a promissory note that upon default of the payment of interest when due "or" within ten days after demand, "the principal shall become due and payable," is a valid one. The word "or" is construed so as to read "nor" (within ten days after demand); and the waiver of the notice of dishonor and protest in a subsequent clause, wherein the makers and endorsers agree to become bound, notwithstanding an extension of time, is not construed as a waiver by the payee of the right to a demand for the payment of interest, before the principal sum shall become due.

3. Same—Joint Makers.

Judgment for plaintiff upon the pleadings will not be granted against one of two joint makers of a note for a default in the payment of interest in an action brought before maturity, it appearing that in his answer he denies that demand was made on him under the terms of a provision in the note that it would become due and payable "if any instalment of interest is not paid when due or within ten days after demand," and the admission of demand and default for the ten days of one of the makers is no evidence as to the admission of the other.

APPEAL *from Lyon, J.,* at the May Term, 1910, of CRAVEN
The facts are stated in the opinion of the Court.

*Moore & Dunn* and *Loftin, Varser & Dawson* for plaintiff.
*Simmons, Ward & Allen* for defendant.

WALKER, J.   This action was brought to recover the amount
of a note, which is in the following words and figures:

"NEWBERN, N. C., 3 March, 1909.

"5,000.00.

"On or before three years after date, we promise to pay to
the order of D. H. Green five thousand dollars ($5,000.00), with
interest from date at six per cent (6 per cent) per annum, pay-
able at the National Bank of Newbern, N. C.   Value received.

"Interest is payable one year after date and annually there-
after.

"If any instalment of interest is not paid when due or within
ten days after demand, then the principal of said note shall
become due and payable.

"The makers and endorsers of this note hereby waive notice
of dishonor and notice of protest and protest itself, and agree
and become bound, notwithstanding any extension or exten-
sions.

"Witness our hands and seals.

"(Signed)      R. N. DUFFY.   (Seal)<br>A. C. BURNETT.  (Seal)"

The note was endorsed and transferred for value by D. H.
Green, the payee, to the plaintiff, who is now the owner thereof.

It is alleged in the complaint that the first instalment of
interest not having been paid when it was due, demand was
made for the payment of the same and no part thereof has
been paid.   The defendant, A. C. Burnett, was not served with
process, and the defendant, R. N. Duffy, failed to appear and
answer.   The defendant, D. H. Green, answered and denied
that any demand had been made for the payment of interest,
as alleged in the complaint.   Plaintiff moved for judgment
against the defendants, R. N. Duffy and D. H. Green, "upon

the answer of Green, no other answers having been filed." The defendant resisted the motion upon the ground, among others, that no judgment could be given upon the pleadings, as the allegation of a demand for the payment of interest had been denied, which raised an issue as to the truth of the allegation, and, therefore, for the purposes of the motion, it must be assumed that the principal of the note was not due when the action was commenced. The court refused to render judgment and the plaintiff appealed. The contention of the plaintiff is that a demand was not necessary, as it had been waived by the very terms of the note, and besides, that by a proper construction of the note, the principal became due when there was a default in the payment of the first instalment of interest, the words "or within ten days after demand," being immaterial or surplusage.

The clause by which the makers and endorsers of this note waive notice of dishonor and protest and agree to remain liable, notwithstanding any extension of the time of payment, does not refer to the next preceding clause as to non-payment of interest and the maturity of the principal, but to the notice required to prevent a discharge of the endorser under the law of commercial paper. It can hardly be supposed that the parties would make an agreement as to demand for the payment of interest in one clause, and then waive it in the next clause.

As to the other question, it is well settled that a contract should receive that construction which will best effectuate the intention of the parties, which must be collected from the whole of the agreement, greater regard being had to their clear intent than to any particular words which they may have used in the expression of it, and for the purpose of executing the intent, courts will disregard or correct obvious mistakes in writing and grammar. Clark on Contracts (2 Ed.), secs. 218, 219. We cannot reject the words "or within ten days after demand," as we think they were intended to be of the essence of the contract, and, therefore, to be considered in construing it. There is no rule of law authorizing us to ignore those words. Why insert them if they were deemed to be not material? The true meaning of the clause is that if the interest is not paid when due and

there shall be further default in its payment for ten days after demand, the principal of the note shall become due and payable. The two defaults must concur before the maturity of the note is accelerated. The word "or" was used for "nor." The context\ shows it. As we must assume, at this stage of the case, that no demand for the payment of interest had been made, the right of action against D. H. Green, for the recovery of the principal and interest, had not accrued when this action was commenced. *Kinsal v. Ballou,* 151 California, 754. The stipulation that the note shall become due and payable, if there is a default in the payment of interest for ten days after a demand, is valid. 7 Cyc., 599 and 859; 1 Daniel Mg. Instr. (5 Ed.), sec. 48; *Whitehead v. Morrill,* 108 N. C., 65.

The plaintiff is entitled to a judgment against R. N. Duffy, as he did not answer, but his failure to answer cannot prejudice D. H. Green. The admission by Duffy of a demand upon him for the payment of the interest cannot be taken as any admission by Green of such a demand. The latter still has the right to deny that any demand was made, which he has done, and to have the issue thus joined submitted to a jury. Judgment will be entered in the court below against R. N. Duffy. Plaintiff moved in the Superior Court that judgment be rendered against D. H. Green for the principal and interest of the note. The court properly refused to grant the motion. Until it is found that a demand was made and the interest was not paid within ten days thereafter, the plaintiff will not be entitled to judgment for the principal of the note, as by its terms the note will not be due, so that an action can be brought upon it until the expiration of the definite time fixed for payment, that is, three years from its date, unless there has been, or hereafter is, a default in the payment of interest for ten days after demand. *Kinsal v. Ballou, supra.*

The costs of this Court incurred by D. H. Green will be paid by the plaintiff, who will recover of the defendant, R. N. Duffy, all other costs.

Modified.