A. C. PELLETIER ET AL. v. THE INTERSTATE COOPERAGE COMPANY ET ALS.

(Filed 20 March, 1912.)

1. Equity—Mistake of Law—Contracts—Intent of Parties.
    Equity will correct a mistake in law in the drawing of a written contract, when it is made to appear that the contract as therein expressed does not carry out the actual agreement which both of the parties had made, and which it was their mutual intent to express by the writing.

2. Equity—Deeds and Conveyances—Draftsman—Legal Effect of Words—Mutual Mistake.
    A mistake made by draftsman in describing the lands conveyed by the deed, so that the language used did not have the legal effect intended, of excepting certain lands from the description, and which was not intended by either the grantor or grantee to be conveyed, is a mistake of fact which a court of equity will relieve against.

**3. Same.**

The parties to a deed having agreed upon the sale and purchase of certain lands, exclusive of a certain tract allotted as a widow's dower, the draftsman, after describing the lands in the deed, attempted to exclude the dower in the following terms: "saving and excepting the widow A's dower": *Held,*, the mistake by the draftsman in the efficacy of the words employed to exclude the dower land was one of fact against which equity will relieve.

**4. Same—Successive Conveyances—Purchasers with Notice.**

A draftsman failed, in drawing a conveyance of lands, to carry out the mutual intention of the parties in excluding from the description certain dower interests, by use of the terms, "saving and excepting the widow A's dower." This same mistake in the words employed was made in subsequent deeds by the use of the same words, but with the knowledge of the parties that the widow's dower was intended to have been excluded: *Held,* equity will relieve against the mistake in the subsequent conveyances.

**5. Equity—Mutual Mistake—Knowledge—Limitation of Actions.**

The statute of limitations begins to run from the discovery of a mistake of the draftsman in the wording of his deed from the time the mistake is discovered, or should have been discovered in the exercise of ordinary care. Revisal, sec. 395 (9).

**6. Same—Evidence.**

By mistake of the draftsman a deed to lands failed to carry out the mutual intent of the parties in excluding certain dower lands from the description. After the widow had dowered upon the lands, the plaintiffs entered into possession and remained therein up to a few months before action brought, without anything especial to put them on guard that defendants claimed the land by reason of failure of the draftsman to use proper words to exclude the dower lands. The plaintiffs introduced evidence tending to show they had no notice of defendant's claim until the commencement of their action, and there was evidence *contra:* *Held,* the question as to the time the plaintiffs had knowledge of the mistake they seek to relieve against is not one of law, but of fact, to be determined upon by the jury.

APPEAL from *Carter, J.,* at October Term, 1911, of CARTERET.

The action was to remove a cloud from plaintiff's title to a tract of land, known as the old Pelletier homestead, and to correct a mistake of description in a line of deeds, by which same

was created, all of the grantees being parties defendant. There was verdict for plaintiff; ·judgment, and defendant, the Inter-state Cooperage Company, excepted and appealed.

The facts are sufficiently stated in the opinion of the court by *Mr. Justice Hoke.*

*T. D. Warren and A. D. Ward for plaintiff.*

*Small, MacLean & McMullan and Abernathy & Davis for defendants.*

HOKE, J.   There was allegation, with evidence, on the part of plaintiffs, tending to show that in 1894 plaintiffs sold and conveyed to C. S. Riley Co. a tract of land in said county, known as the woodland tract, for a recited consideration of $900; that the Pelletier home tract lay near to this and was at that time included in the widow's dower; that one Lovett Hines, who was acting as agent of C. S. Riley & Co. in the trans-action, drew the deed and, in doing so, he included this home tract in the description; that this home tract was not embraced in the trade or intended to be sold or conveyed by the parties, but said Hines, giving the description of a larger boundary in the deed and endeavoring and intending to exclude this home tract, undertook to do so by exception, in terms as follows: "sav-·ing and excepting the widow A. A. Pelletier's dower"; that afterwards, in 1904, the woodland tract was conveyed by Riley Bros. to Hines Bros. Lumber Company; in 1905, by Lumber Company to one F. A. Emerick, and, in 1907, by said Emerick to defendant, The Interstate Cooperage Company, the same de-scriptions appearing in all the deeds. All of the defendants, except Emerick and The Cooperage Company, made formal answer, admitting the mistake, and against them it was estab-lished by the verdict and that both of said defendants took and hold the property with full notice and knowledge of all the facts.

It was chiefly urged for error, by the appellants, that the mistake, if any existed, was one of law, and that in such case the courts would not afford relief. · The principle relied upon was never, perhaps, as broad as it sounds, and in its practical application has been very much qualified in the later decisions.

The position, as it now more generally obtains, is very well stated in 34 Cyc., p. 911, as follows: "It has been frequently asserted that a mistake of law is not a ground for reformation, but, in late years, the disposition of the courts seems to be to qualify the proposition by many exceptions, so that there is much contrariety of opinion as to the general rule. The most broadly accepted doctrine, however, appears to be that a mere naked mistake of law, unattended by any special circumstances, furnishes no ground for relief by reformation, but if the mistake involves fact as well as law or is attended by special circumstances, equity will relieve if the mistake is mutual, so long as the power is not extended to the making of a new contract for the parties." The cases in our own Court, and well-considered decisions elsewhere, are in approval of the general rule as stated. *Condor v. Secrest,* 149 N. C., 201; *Kornegay v. Everett,* 99 N. C., 29; *Warehouse Co. v. Ozmont,* 132 N. C., 839; *Sparks v. Pittman,* 57 Miss., 511.

In *Kornegay's case* it was held: "Where it is admitted or proved that an instrument, executed in pursuance of a prior agreement, by which both parties meant to abide, is inconsistent with the purpose for which it was designed, or that by reason of some mistake of both parties it fails to express their intention, a court of equity will correct it, although the mistake be one of law." And in the Mississippi case the same decision was made, as follows:

"The rule that equity will not relieve against mistakes of law is not absolute. Relief from the consequences of an agreement formed upon a misapprehension of the law will not for that reason alone be granted. But if a deed, or instrument, is executed, and by reason of misapprehension of its legal effect fails to effectuate or conform to the agreement, a court of equity will relieve."

The principle is not further dwelt upon for the reason that in the present case the mistake is clearly one of fact and not of law. A mistake of law in this connection simply means that made in the absence of equitable circumstance. "A mere naked mistake of law," when the parties have correctly expressed the agreement they intended to make, will not be relieved against

because they acted in ignorance of the legal effect of the instrument they have executed. Such a case was presented in *Sandlin v. Ward,* 94 N. C., 490, and others of like import; but here they did not make the deed they intended. They had not sold the home tract and neither of the parties agreed or intended that it should be conveyed, and the mistake made is none the less one of fact because the draftsman mistook the legal effect of the terms used in making the exception. This is very clearly stated in one of the authorities cited, as follows: "There are certain principles of equity, applicable to this question, which, as general principles, we hold to be incontrovertible. The first is, that where an instrument is drawn and executed, which professes or is intended to carry into execution an agreement, whether in writing or by parol, previously entered into, but which by mistake of the draftsman, either as to *fact* or *law,* does not fulfill, or which violates the manifest intention of the parties to the agreement, equity will correct the mistake, so as to produce a conformity of the instrument to the agreement. The reason is obvious. The execution of agreements, fairly and legally entered into, is one of the peculiar branches of equity jurisdiction; and if the instrument which is intended to execute the agreement be, from any cause, insufficient for that purpose, the agreement remains as much unexecuted as if one of the parties had refused altogether to comply with his engagement; and a court of equity will, in the exercise of its acknowledged jurisdiction, afford relief in the one case as well as in the other, by compelling the delinquent party fully to perform his agreement according to the terms of it and to the manifest intention of the parties" (*Hunt v. Rousmaniere's Admr.,* 26 U. S., 1-13), and is generally recognized. *Springs v. Harven,* 56 N. C., 96.

It was further contended that plaintiff's cause is barred by the statute of limitations, but this, too, must be held against the appellant. Construing the statute applicable, Revisal, sec. 395, subsec. 9, the Court has decided that the statute of three years begins to run from the time the facts constituting the mistake were discovered or should have been, in the exercise of ordinary care (*Peacock v. Barnes,* 142 N. C., 215), and the same opinion also holds that a party will not be affected with notice of a mis-

take existent in the deed as a matter of law, but, in the absence of actual knowledge or negligent inattention, the question as to the date when the action accrued is usually one for the jury, under all the facts and attendant circumstances. Here, according to the testimony, the deed was drawn by the agent of the grantee, and there was nothing to attract the attention of the grantors to the fact that there had been a mistaken description made in the deed. So far as appears, the home place had not been mentioned. It was then in the control and occupation of the grantor's mother, holding the same as her dower, and on her death, in 1905, plaintiffs entered into possession and control as owners, and nothing has ever been done to question their title. There was nothing especial to arouse their attention or put them on their guard as to an adverse claim, and they swear as a fact that they had no notice of it until June, 1909, about seven months before action commenced. Under a clear and comprehensive charge, the jury, as stated, have found all the issues as to the mistake and knowledge on the part of appellants and the statute of limitations in plaintiff's favor, and we find no reason for disturbing their verdict. The judgment of the Superior Court is, therefore, affirmed.

No error.