### R. B. ROBERTS v. E. A. MASSEY.

(Filed 21 March, 1923.)

**1. Equity—Deeds and Conveyances—Correction of Instruments.**

Where, by mutual mistake of the parties, a grantor of lands has failed to exclude from the conveyance timber standing thereon which he had previously conveyed to another, the grantee of the timber may maintain his suit in equity against the grantee of the land to correct the mistake in his deed.

**2. Evidence—Issues—Verdict—Motion Set Aside—Answer to Issue—Appeal and Error—Objections and Exceptions.**

Objection that the evidence on an issue is insufficient to support a verdict adverse to the appellant should be made in apt time during the trial, and exception comes too late after verdict to be considered on appeal.

**3. Equity—Deeds and Conveyances—Correction of Instruments—Notice—Registration.**

The requirement of registration of a deed, etc., to lands to give notice to purchasers, etc., excluding all other notice, however full or complete, applies necessarily to written instruments and not to the equity to reform a deed for the mutual mistake of the parties, which ordinarily rests in parol, and is not capable of registration.

**4. Same—Timber Deeds—Extension of Cutting Period.**

Where the grantee of lands brings action to recover damages of the defendant for cutting and removing timber therefrom, and the defendant claims this right under an extension of time granted from the common source of title, of which the plaintiff had full notice at the time he had acquired his title, the defendant may avail himself of the equity allowing a correction of the plaintiff's deed for the mutual mistake of the parties.

**5. Appeal and Error—Evidence—Deeds and Conveyances—Title—Immaterial Matters—Verdict.**

*Held*, under the facts of this case, the introduction in evidence of the defendant's deed to the timber standing on the lands, conveyed by a common source of title to the plaintiff, could not have prejudiced the plaintiff, who was found by the jury not to have the title to the timber, and plaintiff's exception thereto cannot be sustained on appeal.

**6. Appeal and Error—Court's Discretion.**

Where the trial judge has ruled on appellant's motions concerning matters in the exercise of his sound discretion, the appellant, to sustain his exceptions on appeal, must show an abuse of this discretion.

APPEAL by plaintiff from *Lyon, J.,* at November Term, 1922, of FRANKLIN.

The verdict was as follows:

"1. Did the defendant wrongfully cut and remove timber from the lands of plaintiff, as alleged in the complaint? Answer: 'No.'

"2. If so, what damages has plaintiff sustained? Answer: ..............

"3. Was a clause excepting and reserving the standing timber with right to cut and remove the same on or before 9 May, 1921, omitted in the deed from W. R. Timberlake and other to R. B. Roberts by the mutual mistake of the parties to said deed?   Answer: 'Yes.'

"4. If you answer the third 'Yes,' then what damages has the plaintiff sustained for the timber wrongfully cut under 8 inches, and other acts not covered by their contract?   Answer: '$500.' "

Judgment for defendant; plaintiff appealed.

*W. M. Person for plaintiff.*
*Ben T. Holden for defendant.*

ADAMS, J.   The land was formerly owned by W. B. Timberlake. After his death, in a proceeding duly instituted, the court appointed commissioners who sold the timber on this land by private sale to J. T. Wilson in 1916.   The purchaser was granted three years from the date of the deed in which to cut and remove the timber.   Wilson sold the timber to the defendant and the time for removing it was extended to 9 May, 1921.

On 15 October, 1919, the heirs at law of W. B. Timberlake sold to the plaintiff the land on which the timber was situated, and on 28 May, 1921, the plaintiff instituted this action to recover of the defendant the value of the timber he had cut.   The plaintiff's deed was registered 6 March, 1919.   In his answer the defendant alleged that the plaintiff had purchased the land, not only with knowledge that the time for removing the timber had been extended, but with the express understanding and agreement with the Timberlake heirs (under whom both parties claim) that title to the timber embraced in the defendant's contract was not to pass to the plaintiff, and that the clause excepting the timber was omitted from the plaintiff's deed by the mutual mistake of the parties.   Upon denial and issues joined, the dispute was submitted to the jury, with the result shown in the answer to the third issue.

The equitable jurisdiction of the court was invoked by the defendant to correct a mistake in the deed to the plaintiff from his grantors, who were the common source of title, and was not denied, for it is a familiar doctrine that courts of equity will lend their aid for the correction of mistakes in written instruments to the original parties thereto, and to all those claiming under them in privity.   2 Beach on Mod. Eq. Jurisprudence, sec. 541.   As to this doctrine, there is no controversy.   But the plaintiff interposes to the validity of the judgment these two objections: (1) that there was no evidence of a mutual mistake as to the terms or exception alleged to have been omitted from the plaintiff's deed; (2)

that the plaintiff is protected by the Connor Act, even if such mistake be established.

The objection as to the sufficiency of the evidence was first raised on the plaintiff's motion to strike out the answer to the third issue, but not being in apt time, it could not then be entertained. An objection to the sufficiency of evidence is too late when first made after the verdict is returned. After voluntarily taking his chances with the jury, a party cannot be heard to say that the verdict was rendered upon inadequate evidence. *Shields v. Whitaker,* 82 N. C., 516; *Leggett v. Leggett,* 88 N. C., 114; *Hemphill v. Hemphill,* 99 N. C., 441; *Holden v. Strickland,* 116 N. C., 185; *Mica Co. v. Mining Co.,* 184 N. C., 491.

In support of the second objection, the plaintiff cites the Connor Act of 1885, now C. S., 3309, and several decisions in which it has been interpreted. The provision is this: "No conveyance of land, or contract to convey, or lease of land for more than three years, shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies." In construing this statute the Court has repeatedly held that no notice, however full and formal, of an unregistered deed conveying land, or of an unregistered contract to convey land, or of an unregistered lease of land, for more than three years shall defeat or affect the rights of a subsequent purchaser for value whose deed is duly registered. *Quinnerly v. Quinnerly,* 114 N. C., 145; *Maddox v. Arp, ibid.,* 588; *Hooker v. Nichols,* 116 N. C., 157; *Collins v. Davis,* 132 N. C., 106; *Harris v. Lumber Co.,* 147 N. C., 631; *Wood v. Lewey,* 153 N. C., 401; *Lynch v. Johnson,* 170 N. C., 110; *Fertilizer Co. v. Lane,* 173 N. C., 184.

It will be noted that the question here presented is whether the Connor Act shall be held to defeat the application of the equitable doctrine of correction to a deed from which a clause excepting timber has been omitted by the mutual mistake of the parties. Several times the question has been discussed, but in this jurisdiction it has not definitely been decided. It was adverted to in *Wood v. Tinsley,* 138 N. C., 508; but there the Court declined to say whether the registration law is intended to protect a purchaser for value against equities or equitable titles arising out of parol trusts or attaching to the legal title by construction or implication. It is referred to again in the dissenting opinion in *Lynch v. Johnson,* 171 N. C., 631, in which it is said that the Connor Act deals only with such titles and rights as are evidenced by a writing which can be registered, and not to such equitable rights as rest in parol and are incapable of registration. And in *Pritchard v. Williams,* 175 N. C., 319, *Hoke, J.,* in a concurring opinion held that the registration laws do not apply to parol trusts. Referring to these laws, he said: "I am of opinion, however, that the act in question does not

apply to parol trusts, and in no way affects them, or the rules by which they are established and enforced. Drawn with intelligent care and foresight by our former *Associate Justice Connor,* now an honored member of the Federal bench, it was professedly designed and intended to affect priorities arising from registrations, and from its very nature and purpose, therefore, is restricted to written instruments capable of registration, and the act, in terms, applies only to "conveyances of land, contracts to convey, and leases of land for more than three years"—all required to be in writing by other sections of the same statute. I conclude, therefore, that these trusts, resting in parol and fully recognized by our law (*Jones v. Jones,* 164 N. C., 320; *Gaylord v. Gaylord,* 150 N. C., 222; *Avery v. Stewart,* 136 N. C., 436; *Shelton v. Shelton,* 58 N. C., 292; *Strong v. Glasgow,* 6 N. C., 289), are not within the meaning, terms, or purpose of the Connor Act, and will be enforced against the holder of the legal title unless it appears that such holder, or some one under whom he claims, has acquired such title for a fair and reasonable value and without notice of the trust. They were no doubt omitted from the Connor Act for the reason that, being recognized estates oftentimes of the greatest merit and incapable of registration because not in writing, it was considered unfair and subversive of right to destroy them in favor of one who had acquired his title with full notice of their existence."

This conclusion finds strong support, not only in the language, but in the manifest intent and purpose of the statute. In express terms the provision applies to conveyances, contracts to convey, and to leases for more than three years, neither of which can be enforced in law unless manifested by a written instrument which may be spread on the records as constructive notice to those who may be affected.

The statute, as we construe it, neither includes nor was intended to include equities which from their nature are incapable of registration for the reason that the circumstances out of which they arise generally, if not necessarily, rest in parol.

We therefore hold that his Honor was correct in refusing to interfere with the verdict on either of the grounds assigned by the plaintiff.

The plaintiff excepted to the admission of the Wilson deed on the ground that Wilson had no title, and there was no extension of the time limited for removing the timber. But according to the finding of the jury, the plaintiff is not entitled to the timber in controversy, and it is therefore immaterial with him whether Wilson's title was defective or perfect. For this reason his exception is without merit.

The remaining motions were addressed to his Honor's discretion, and in the absence of abuse are not the subject of review on appeal. We find

No error.