HILDEBRAND MACHINERY COMPANY, INCORPORATED, v. A. L. POST AND
W. F. POST, TRADING UNDER THE FIRM NAME OF POST MACHINE
COMPANY.

(Filed 14 June, 1933.)

**1. Deeds and Conveyances C f—**

Where a deed provides that it is subject to a written lease previously
executed by the grantor, the grantee takes the premises subject to the
lease although the lease is for more than three years and is not recorded,
C. S., 3309.

**2. Landlord and Tenant B b—Lease in this case held to be for term of
four years which could not be shortened at option of lessor.**

A lease contract provided in one item that it was to run for a period
of four years, and in a subsequent paragraph provided that if the lessee
failed to pay the rent "or upon sixty days notice by either party" the
lessee would vacate the premises. *Held,* the manifest intention of the
parties was that the lease should run for the whole period of four years
provided the lessee paid the rent as stipulated, and during the four-year
period neither the lessor nor his assignee would be entitled to possession
of the premises upon sixty days notice so long as the lessee performed
all the conditions imposed upon him, the lease having no provision
whereby the term might be shortened at the option of the lessor.

APPEAL by plaintiff from *Alley, J.,* at February Term, 1933, of
BUNCOMBE. Affirmed.

Plaintiff, a corporation, is the owner of a certain parcel of land
situate in the city of Asheville, N. C., on which are located buildings
constructed for use as a machine shop. The land and buildings were
conveyed to the plaintiffs, for a valuable consideration, by W. C. Ervin
and wife, by deed dated 15 September, 1932. This deed was duly re-
corded in Buncombe County on 20 October, 1932, and contains a para-
graph as follows:

"But this deed is made expressly subject to a lease to the Post
Machine Company dated 15 July, 1931, and to all taxes for the year
1932, which taxes the party of the second part assumes and agrees to
pay as part of the consideration for this conveyance."

The defendants are in possession of the parcel of land and the build-
ings located thereon, now owned by the plaintiff under and by virtue of
said deed, claiming the right to such possession under a lease executed
by C. E. Kistler, agent for W. C. Ervin, which is as follows:

"This contract of lease made and entered into this 15 July, 1931, by
and between A. L. Post and W. F. Post, trading and doing business as
a partnership under the firm name and style of Post Machine Company,
Buncombe County, State of North Carolina, party of the first part, and
C. E. Kistler, agent of W. C. Ervin, party of the second part; Wit-
nesseth: For and in consideration of mutual covenants hereinafter

contained and the expected performance of the same, sums of money to be paid, the use of certain properties, tools, and machinery hereinafter designated, and other valuable considerations, the parties hereto for themselves, their successors, heirs and assigns, do mutually agree with each other as follows:

1. (a) Parties of the first part agree to buy certain property, a list of which is hereto attached, marked Exhibit A, and made a part of this contract, at the price stipulated thereon.

(b) Parties of the first part agree to buy all the machinery, tools, etc., marked Exhibit B, and hereto attached and made a part of this contract, at the price stipulated thereon, and at the stipulated time.

2. The parties of the first part agree to rent the following described property, to wit:

The buildings of the old Carolina Machinery Company known as the Machine Shop, the Pattern Shop and the Foundry, together with all real estate upon which they are situate, including sidetrack, machinery and tools, Exhibit B, excepting therefrom the land referred to in paragraph six hereafter. The rent for the aforesaid property is to be $100.00 per month, payable in advance, to wit: on the 25th day of each and every succeeding month.

3. Parties of the first part agree to give a good and sufficient bond in the sum of $1,500 to insure the return of said property, patterns, machinery, tools, etc., as set forth on the inventory marked Exhibits A and B and hereto attached and made a part of this agreement, in as good shape as same were at the date of these presents, ordinary wear and tear excepted.

4. That this contract of lease is to run for a term of four years from date of these presents, with the privilege of the party of the first part renewing said lease at a monthly rental to be agreed between the parties hereto, and by written notice to the party of the second part on or before the first day of April, 1935.

5. Parties of the first part agree to make prompt payment of the rental hereinbefore specified at the time and terms hereinbefore specified, and that if and in the event parties of the first part fail to pay said rent as hereinbefore set forth, or upon sixty days notice by either party, then and in that event parties of the first part agree to vacate said buildings and yield possession of said fixtures, patterns, buildings herein rented, and this contract of lease shall become void and of no effect and said parties of the first part agree to vacate and deliver up possession of said premises in as good and ample manner as same are, ordinary wear and tear excepted.

6. That said property hereby leased does not include that formerly let to the American Scrap Material Company, and party of the second part further agrees not to rent the property rented to the American

Scrap Material Company to any competitor of said parties of the first part, junk and scrap companies excepted.

In testimony whereof the parties hereunto have set their hands and seals the date and year first above written.

W. F. Post.     (Seal.)
A. L. Post.     (Seal.)
C. E. Kistler.  (Seal.)
Agent for W. C. Ervin."

At the date of the deed from W. C. Ervin and wife to the plaintiff, to wit: 15 September, 1932, the lease from W. C. Ervin to the defendants was duly assigned and transferred by C. E. Kistler, agent for W. C. Ervin, to the plaintiff. The lease was thereafter, to wit: 20 September, 1932, duly recorded in Buncombe County.

On 17 September, 1932, by letter addressed to them, the plaintiff gave notice to the defendants that under and pursuant to the provisions of paragraph 5 of the lease, plaintiff would on 19 November, 1932, demand possession of the property described in the lease. The defendants promptly advised plaintiff that they would decline to surrender possession of the property on 19 November, 1932.

At the date of the commencement of this action, to wit: 24 November, 1932, the defendants had paid or tendered to the plaintiff all sums due as rent for the property described in the lease, and had fully performed all the covenants and agreements undertaken by them as lessees of said property.

The court was of opinion that plaintiff was not entitled to recover of the defendants possession of the property described in the lease, and on motion of the defendants at the close of all the evidence, dismissed the action by judgment as of nonsuit. From this judgment, plaintiff appealed to the Supreme Court.

*Sanford W. Brown and J. W. Haynes for plaintiff.*
*Harkins, Van Winkle & Walton and Charles G. Buck for defendant.*

CONNOR, J. Under and by virtue of its deed from W. C. Ervin and wife dated 15 September, 1932, the plaintiff is now the owner of the parcel of land and of the buildings described in its complaint, subject, however, to the rights of the defendants under and by virtue of the lease to them executed by C. E. Kistler, agent for W. C. Ervin, and dated 15 July, 1931. The fact that the lease, although for a term of more than three years, was not recorded at the date of the deed to the plaintiff (C. S., 3309) is immaterial. The land and the buildings described in the deed were conveyed to the plaintiff subject to the lease, which was duly assigned to the plaintiff contemporaneously with the execution of the deed to the plaintiff. See *Hardy v. Fryer,* 194 N. C., 420, 139 S. E.,

833, and cases cited in the opinion in that case. The plaintiff concedes
that it owns the property conveyed to it by its deed from W. C. Ervin
and wife, subject to the rights of the defendants under this lease. At
least, the plaintiff does not contend to the contrary on this appeal.

The plaintiff contends, however, that having given sixty days notice
to the defendants in accordance with the provisions of paragraph 5 of
the lease, that it would demand possession of the property described in
the lease on 15 November, 1932, it was entitled to such possession on
that date, notwithstanding the payment by the defendants of all sums
due as rent under the lease, and notwithstanding full performance by
the defendants of all the covenants and agreements undertaken by them
as lessees. The language of paragraph 5 construed in connection with
the language of the entire lease (*Benton v. Lumber Co.,* 195 N. C., 363,
142 S. E., 229) does not sustain this contention. It is expressly pro-
vided in paragraph 4 that the lease should run for four years from
its date. There is no provision in this paragraph by which the term
might be shortened at the option of the lessor, as was the case in *Texas
Co. v. Fuel Co.,* 199 N. C., 492, 154 S. E., 829. It was manifestly the
intention of the parties to the lease that the term should be four years,
and that the lessees should have the right to hold the property described
in the lease for the full term, provided they paid the rent as stipulated
in the lease. If they failed to pay the rent monthly as stipulated in the
lease, and the lessor demanded possession of the property, after having
given sixty days notice of such demand, then and in that event the
lessees agreed to vacate the buildings and yield possession of the property
to the lessor. In support of this construction see *Trust Co. v. Duffy,*
153 N. C., 62, 68 S. E., 915, and *Robertson v. Robertson,* 190 N. C., 558,
130 S. E., 166.

There was no error in the judgment dismissing the action as of non-
suit, and discharging the receiver, who had been appointed by the court
during the pendency of the action. The judgment is

Affirmed.