STATE TRUST COMPANY, A CORPORATION, v. CHARLES W. BRAZNELL, J. M. LONG AND WIFE, L. M. LONG.

(Filed 19 March, 1947.)

**1. Reformation of Instruments § 6—**

A lessee may maintain an action against his lessor's grantee to reform the deed to make it express the true contract in respect to the leasehold estate.

**2. Reformation of Instruments § 3—**

As a general rule, an instrument may not be reformed for a naked mistake of law, but where by reason of error of expression or mistake as to the force and effect of the language used, the contract fails to express the true intent of the parties, reformation will lie to correct the mistake of fact induced by error of law.

**3. Same—Mutual mistake in failing to include effective provision in instrument because of reliance on ineffectual language justifies reformation.**

The evidence disclosed that in the negotiations for the sale of the *locus in quo* the fact of the existence of plaintiff's leasehold estate and grantor's intent to protect same was known to all parties and that provision to protect lessee's interest under his unrecorded lease was inserted in the original option, in the contract to convey and in the deed. The provision inserted in the deed was ineffectual for this purpose because of want of sufficient description of the leasehold estate. *Held:* The mistake of the parties as to the legal effect of the provision inserted in the deed was a

mistake of law, but the failure of the deed, because of reliance upon the language used, to contain an effective provision intended by the parties to be included therein, is a mistake of fact justifying reformation.

**4. Registration § 4: Deeds § 15—**

While registration is the sole method of charging subsequent purchasers with notice, where a grantee accepts a conveyance of real property subject to an outstanding claim or interest evidenced by an unrecorded instrument executed by his grantor, he takes the estate burdened by such claim or interest and by his acceptance of the deed agrees to stand seized subject to the unrecorded instrument and estops himself from asserting its invalidity.

**5. Trial § 7—**

Which of two defendants, defendants having offered no evidence, shall make the last argument to the jury is within the discretion of the presiding judge.

APPEAL by defendant Braznell from *Pless, J.,* at January Term, 1947, of HENDERSON.

Civil action to remove cloud from leasehold estate of plaintiff and to reform a deed from defendants Long to defendant Braznell.

In October, 1945, W. B. Hodges and the estate of C. D. Weeks owned the four-story building at the corner of Fourth Avenue and Main Street in Hendersonville, N. C., known as Commercial Building. The first floor thereof was constructed for use of a banking institution and the plaintiffs occupied the same under a ten-year lease from Hodges and Weeks. The executor of the will of C. D. Weeks was authorized to sell at private sale subject to confirmation by the court.

Hodges and Crowell, executor, agreed to sell said building to defendants Long provided the purchasers would agree to lease the banking room to plaintiff for a term of fifteen years. Thereupon, on 15 October, 1945, Long and wife executed an agreement to lease said premises to plaintiff for fifteen years, the agreement to become effective as a lease in the event and upon the day the Longs acquired title to the property. Thereafter, on 29 October, 1945, Hodges and Crowell, executor, separately executed and delivered to the Longs two deeds, each conveying a one-half interest in said building. These deeds contain the following:

"This conveyance is subject to lease with Southern Bell Telephone Company expiring May 1, 1948, and also lease with State Trust Company, dated October 16, 1945, for a term of fifteen years, and is subject to any party wall agreements of record."

On 30 March, 1946, the Longs delivered to F. W. Ewbank option or contract to convey said building for $110,000. This option was never exercised. However, there were negotiations between the Longs and Carl W. Braznell, agent of defendant Braznell, Ewbank acting as a go-

between.   These negotiations culminated in a deed from the Longs to defendant Braznell dated 3 June, 1946, containing the following:

"It is understood and agreed that this conveyance is made subject to the leases of the several tenants; . . ."

During the negotiations the plaintiff's lease contract was discussed and it was understood that the Longs were selling subject to existing leases, particularly the lease of plaintiff, and that it was to be so stipulated in the deed.   The lease contract was delivered to Ewbank and later by him delivered to Braznell.

Braznell recorded his deed and then notified plaintiff he would not accept the monthly rental of $250 theretofore paid and would not recognize any alleged lease under which it claimed.   Plaintiff then recorded its lease and instituted this action, alleging that defendant's demands and claims cast a cloud upon its leasehold estate.   It also seeks to reform the deed from Long to Braznell for mutual mistake of the parties by including a provision adequately protecting its rental contract.

At the trial below issues on the allegations of mutual mistake of the parties were submitted to the jury and answered by them in favor of plaintiff.   From judgment on the verdict defendant Braznell appealed.

*Jonathan Jackson, L. B. Prince, and R. L. Whitmire for plaintiff, appellee.*

*Smathers & Meekins for defendant Charles W. Braznell, appellant.*

*Morgan & Ward for defendants Long, appellees.*

BARNHILL, J.   The court below made no ruling in respect to the reservation contained in the deeds from Hodges and Crowell, executor, to Long and wife.   Hence the question of its sufficiency to protect the leasehold rights of plaintiff is not presented for decision.

The defendant concedes that plaintiff "stands in the shoes or sits in the seat" of the Longs under whom it claims, and it may maintain this action to reform the deed to make it express the true contract in respect to its leasehold interest.   *Sills v. Ford,* 171 N. C., 733, 88 S. E., 636; *Bank v. Redwine,* 171 N. C., 559, 88 S. E., 878; *Machinery Co. v. Post,* 204 N. C., 744, 169 S. E., 629; *Roberts v. Massey,* 185 N. C., 164, 116 S. E., 407.

There is evidence in the record tending to show that (1) the contract of purchase and sale was made subject to existing leases; (2) it was understood and agreed that the deed of conveyance should contain a provision fully protecting the leasehold rights of plaintiff and other tenants; and (3) this intent was inadequately expressed and a valid, enforceable provision was omitted by mutual mistake of the parties.

At the very inception of the somewhat extended negotiations Long discussed with Ewbank the outstanding leases and the rental income

from the building. He advised Ewbank that he would not under any conditions sell unless these leases, particularly the lease to plaintiff, were fully protected. Ewbank advised Carl W. Braznell (agent of defendant in active charge of the negotiations) by letter that the bank had a fifteen-year lease. He fully discussed this and other leases with Braznell and advised him of the conditions under which the Longs would sell. Braznell was furnished with a statement of monthly income from the building showing that the State Trust Company rental was $250 per month. Provision was inserted in the original option, in the contract to convey and in the deed, attempting to protect the rights of plaintiff. Ewbank actually acquired possession of Long's copy of the leases, made them available to the defendant, and later delivered them to him. At the time the deed was delivered Braznell was informed that the leases were there in Ewbank's office for his inspection. Braznell had his attorney prepare the deed and his attorney, on his behalf, inserted in the deed a provision attempting to make the conveyance subject to outstanding leases. Thus the intent of the parties is apparent.

There is, to be sure, some evidence in the record tending to support the inference that Braznell knew the language used in the deed was not sufficient to protect the plaintiff's lease and that he had the deed prepared and tendered to plaintiff as a proper and full expression of the contract of the parties, intending at the time to take advantage of the insufficiency of the reservation so soon as the deed was delivered and recorded. But it is more charitable to assume that he was acting in good faith in an honest attempt to express the will of the parties than to conclude he made a deliberate and successful effort to mislead and deceive the Longs. In either event he cannot now complain.

But the defendant contends that the Longs used the language they intended to use, believing it adequately expressed the intent of the parties. Thus, he says, there was a mistake of law and not of fact.

A bare, naked mistake of law affords no grounds for reformation. This, however, is the general rule, qualified by many exceptions. *Pellelier v. Cooperage Co.,* 158 N. C., 403, 74 S. E., 112; *Hubbard and Co. v. Horne,* 203 N. C., 205, 165 S. E., 347.

Where the error of law induces a mistake of fact, that is, where, by reason of an error of expression or mistake as to the force and effect of the language used, the contract fails to express the intent of the parties, equity will afford relief. *McKay v. Simpson,* 41 N. C., 452; *Womack v. Eacker,* 62 N. C., 161; *Kornegay v. Everett,* 99 N. C., 30; *Condor v. Secrest,* 149 N. C., 201; *King v. Hobbs,* 139 N. C., 170; *Pelletier v. Cooperage Co., supra;* Anno. 141 A. L. R., 828, 834; 3 Pom. Eq. Jur., 298.

"The phrase 'mutual mistake' means a mistake common to all the parties to a written instrument and usually relates to a mistake concern-

ing its contents or its legal effect." *Hubbard and Co. v. Horne, supra.* "It is wholly immaterial whether . . . the parties failed to make the instrument in the form they intended, or misapprehended its legal effect." *King v. Hobbs, supra;* 45 Am. Jur., 615.

All the parties conceived that the language used adequately protected the outstanding leases. This was a mistake of law. They intended to include in the deed a provision which would fully protect plaintiff and other tenants. By reason of the use of language mistakenly believed to be, but which was not, sufficient to accomplish the common purpose, such provision does not appear in the deed. They intended the deed to include what it does not include. This constitutes a mistake of fact justifying reformation.

Even so, the defendant insists, the plaintiff claims under an unrecorded lease for more than three years and no notice, however full and formal, will supply want of registration. G. S., 47-18; *Smith v. Turnage-Winslow Co.,* 212 N. C., 310, 193 S. E., 685; *Bank v. Smith,* 186 N. C., 635, 120 S. E., 215; *Lawson v. Key,* 199 N. C., 664, 155 S. E., 570; *McClure v. Crow,* 196 N. C., 657, 146 S. E., 713; *Grimes v. Guion,* 220 N. C., 676, 18 S. E. (2d), 170; *Turner v. Glenn,* 220 N. C., 620, 18 S. E. (2d), 197. He alleges in his answer that he had no "proper and legal notice" of the outstanding lease. This want of notice by registration seems to have been the "theme song" of his defense in the court below. He presents the question here by exception to the failure of the court below to charge the jury that he had the right to rely on the public registry of the county.

This principle which relates notice to registration only is strictly adhered to by this Court. But relief here is not granted on the basis of notice.

When a grantee accepts the conveyance of real property subject to an outstanding claim or interest evidenced by an unrecorded instrument executed by his grantor, he takes the estate burdened by such claim or interest. By his acceptance of the deed he ratifies the unrecorded instrument, agrees to stand seized subject thereto and estops himself from asserting its invalidity. *Bank v. Vass,* 130 N. C., 590; *Bank v. Smith, supra; Hardy v. Fryer,* 194 N. C., 420, 139 S. E., 833; *Hardy v. Abdallah,* 192 N. C., 45, 133 S. E., 195.

The defendants, having offered no evidence, were entitled, as a matter of right, to the concluding argument. Rule 3, Rules of Practice in the Superior Courts, 221 N. C., 574; *S. v. Raper,* 203 N. C., 489, 166 S. E., 314. This right was accorded them. But the defendant excepts for that the court permitted counsel for the defendants Long to make the last argument. This, as between the two defendants, was within the discretion of the presiding judge. Hence the exception is without merit.

We have examined the other exceptive assignments of error brought forward and discussed in defendant's brief. They fail to point out cause for a new trial.

In the trial below we find

No error.