T. P. LEE v. MATTIE E. RHODES AND HUSBAND, H. W. RHODES.

(Filed 22 March, 1950.)

**Limitation of Actions § 5b—**

> The three year statute begins to run against a cause of action to reform an instrument for mutual mistake from the time the mistake is discovered or should have been discovered in the exercise of due diligence, and conflicting evidence in respect thereto presents a question for the jury and its verdict thereon is determinative.   G. S. 1-52 (9).

APPEAL by defendants from *Bone, J.,* at September-October Term, 1950, of JOHNSTON.

Civil action instituted 2 January, 1946, to recover land.

Defendants denied plaintiff's right to recover the land, and averred that a paper writing from them to him, dated 5 January, 1931, and registered 6 January, 1931, and in form a deed, under which plaintiff claims title to the lands in question, was intended to be a mortgage deed, as security for an indebtedness then incurred, but that by mutual mistake of the parties the defeasance clause was omitted, and they asked that the writing be reformed accordingly.   Plaintiff in reply denied that there was any mistake, and plead in bar of defendants' right of action the three years statute of limitation, G.S. 1-52 (9), and also the ten years statutes of limitation, G.S. 1-47 (4) and G.S. 1-56.   And upon the trial in Superior Court both parties offered evidence tending to support their respective allegations.   On the issue of the statute of limitations the court limited the instructions to the three years statute.   The jury found with defendants on their plea of mutual mistake, but also found that their cause of action thereon was barred by the statute of limitations.

From judgment for plaintiff on verdict rendered, defendants appeal to Supreme Court and assign error.

*J. Ira Lee, C. C. Canaday, E. J. Wellons, and Jane A. Parker for plaintiff, appellee.*

*Lyon & Lyon and A. M. Noble for defendants, appellants.*

PER CURIAM.   Careful consideration of the assignments of error presented by appellants on this appeal fail to show error in the trial below on the determinative issue in respect to the statute of limitations on defendants' right of action for reformation of the paper writing in question on ground of mutual mistake.   The statute in such cases begins to run from the discovery of the mistake, or when it should have been discovered in the exercise of due diligence.   *Moore v. Casualty Co.,* 207 N.C. 433, 177 S.E. 406, and numerous other cases.

The trial judge presented the issue to the jury in the light of this principle. The evidence of the respective parties as shown in the record of case on appeal is in conflict,—thus presenting a question for the jury, and the jury has answered against defendants.

Hence, in the judgment below, we find

No error.