BETTY H. HUSS v. JAMES B. HUSS

No. 7627SC394

(Filed 17 November 1976)

1. **Rules of Civil Procedure § 56— summary judgment motion — attorneys' oral argument not considered**

Though the court on a motion for summary judgment may consider evidence consisting of affidavits, depositions, answers to inter-

Huss v. Huss

rogatories, admissions, and documentary materials which would be admissible in evidence at trial, information adduced from counsel during oral arguments cannot be used to support a motion for summary judgment under G.S. 1A-1, Rule 56(c).

2. **Husband and Wife § 14— deed to man and wife — presumption of estate by entireties**

It is well settled law in this State that there is a presumption that a deed to a man and wife creates an estate by the entireties in them even though he furnished the entire consideration; however, the presumption of a gift may be rebutted by clear, strong and convincing proof.

3. **Reformation of Instruments § 4— reformation of deed for mutual mistake — allegations required**

The party seeking reformation of a deed on the ground of mutual mistake must allege the provision that was agreed upon, the provision that was written, and that the mistake was mutual; it is not required that the pleader allege facts as to how and why the mutual mistake came about.

4. **Reformation of Instruments § 4— reformation of deed for mutual mistake — sufficiency of allegations to state claim**

In a proceeding for a partition sale of realty owned by the parties as tenants by the entirety prior to their divorce and as tenants in common subsequent to their divorce, respondent's allegations in his answer that (1) petitioner's name was in the deed as a grantee with him because of a mutual mistake, (2) he instructed the grantors to put the property in his name alone, (3) he had not seen the deed at the time of transfer, (4) the grantors told him the property had been put in his name alone and he relied on this statement, (5) and he learned of the mistake 13 years after the land was purchased during a dispute over a divorce order were sufficient to state a claim for reformation of the deed due to mutual mistake.

5. **Limitation of Actions § 7; Reformation of Instruments § 1— reformation of deed for mutual mistake — three year statute of limitations**

In an action for reformation of a deed on the ground of mutual mistake, G.S. 1-52(9) establishes the period of limitation as three years, and the period begins to run from the time the mistake is discovered or should have been discovered in the exercise of due diligence.

6. **Reformation of Instruments § 7— reformation of deed — action barred by statute of limitations — insufficiency of evidence**

In a proceeding for partition of realty where respondent sought reformation of the deed on the ground of mutual mistake, the trial court erred in determining as a matter of law that respondent failed to exercise due diligence to discover the mistake, and the counterclaim was therefore barred by the statute of limitations, where the pleadings disclosed only that respondent did not see the deed at the time of the transaction and that he relied on the statement of the grantor as to the persons named as grantees.

Huss v. Huss

7. **Equity § 2— laches — action not barred by statute of limitations — no equitable relief**

Delay which will constitute laches depends upon the facts and circumstances of each case, but when the action is not barred by the applicable statute of limitations, equity will not bar relief except upon special facts demanding extraordinary relief; such facts were not presented in this partition proceeding where respondent sought reformation of the deed on the ground of mutual mistake.

APPEAL by respondent from *Briggs, Judge.* Judgment entered 5 April 1976 in Superior Court, GASTON County. Heard in the Court of Appeals 21 September 1976.

Petitioner and respondent are now divorced. On 20 November 1975, the former wife petitioned the Clerk of the Superior Court, Gaston County, for the partition sale of realty. She alleged that the tract of land which they originally owned as tenants by the entirety was now, as a result of the divorce, owned by them as tenants in common.

Respondent alleged in his answer that his former wife had no interest in the property and that her name was in the deed as a grantee with him because of a mutual mistake. He further alleged that he had purchased the land in 1962; that he had instructed the grantors to put the property in his name alone; that he had not seen the deed at the time of the transfer; that the grantors had told him the property had been put in his name alone and that he had relied on this statement; and that he had learned of the mistake only in 1975 during a dispute over the divorce order. He prayed for reformation of the deed.

In her reply petitioner denied his allegation of mistake and also raised the defenses of the statute of limitations and laches.

The case was transferred to the civil issue docket of the Superior Court. On 20 January 1976, petitioner moved "for a judgment upon the pleadings or a Summary Judgment." No affidavits, answers to interrogatories, depositions, or admissions were filed in support of the motion. Based solely upon an examination of the pleadings and oral arguments, the court entered a "summary judgment" for petitioner.

Respondent appealed.

*Whitesides and Robinson by Henry M. Whitesides and Arthur C. Blue III for respondent appellant.*

*Bob W. Lawing for petitioner appellee.*

CLARK, Judge.

[1] The trial court examined the pleadings and heard oral arguments from counsel in ruling on petitioner's motion. Information adduced from counsel during oral arguments cannot be used to support a motion for summary judgment under Rule 56(c). On a motion for summary judgment the court may consider evidence consisting of affidavits, depositions, answers to interrogatories, admissions, documentary materials, facts which are subject to judicial notice, and any other materials which would be admissible in evidence at trial. *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972) ; *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972). Oral testimony may also be admissible in proper cases under G.S. 1A-1, Rule 43(e). *Chandler v. Savings and Loan Assoc.,* 24 N.C. App. 455, 211 S.E. 2d 484 (1975) ; *Insurance Co. v. Chantos,* 21 N.C. App. 129, 203 S.E. 2d 421 (1974). Certain verified pleadings, not present in this record, may be treated as affidavits for purposes of a motion for summary judgment. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972).

Since the parties offered and the trial court in this case considered only the unverified pleadings in hearing petitioner's motion, the motion must be considered to have been one under G.S. 1A-1, Rule 12(c) for a judgment on the pleadings and not one under G.S. 1A-1, Rule 56 for a summary judgment. *Reichler v. Tillman,* 21 N.C. App. 38, 203 S.E. 2d 68 (1974).

Upon a motion for judgment on the pleadings the allegations of the non-movant are taken as true and all contravening assertions of the movant are taken as false. *Tilley v. Tilley,* 268 N.C. 630, 151 S.E. 2d 592 (1966). Judgment on the pleadings is not favored by the law, and the non-movant's pleadings will be liberally construed. *Edwards v. Edwards,* 261 N.C. 445, 135 S.E. 2d 18 (1964) ; *Bessire and Co. v. Ward,* 206 N.C. 858, 175 S.E. 208 (1934). The trial court is required to view the facts and permissible inferences in the light most favorable to the non-movant. *Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E. 2d 494 (1974).

Respondent's plea for reformation due to mutual mistake, though denominated a defense, was a counterclaim and should be judged as such under G.S. 1A-1, Rule 8(c), which provides that

". . . When a party has mistakenly designated a defense as a counterclaim or a counterclaim a defense, the court, on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

The equitable right to reformation may be invoked by way of counterclaim in an action based on the deed. *Lawrence v. Heavner*, 232 N.C. 557, 61 S.E. 2d 697 (1950). In her reply to respondent's counterclaim, petitioner alleged three defenses: (1) that there was no mistake; (2) that the counterclaim was barred by the statute of limitations; and (3) that the counterclaim was barred by laches. We now turn to examine respondent's pleading to see if the judgment of the trial court should be sustained.

[2-4] Respondent alleged, and we must accept as true, that he furnished the entire consideration for the purchase price of the land. It is well settled law in this State that there is a presumption that a deed to a man and wife creates an estate by the entireties in them even though he furnishes the entire consideration. *Honeycutt v. Bank*, 242 N.C. 734, 89 S.E. 2d 598 (1955). The presumption of a gift may, however, be rebutted by clear, strong, and convincing proof. *Bowling v. Bowling*, 252 N.C. 527, 114 S.E. 2d 228 (1960). A mutual mistake, if established, would negate the donative intent necessary for a valid gift. An allegation that the mistake was "through error" is insufficient to support a claim for reformation. *Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530 (1959). The party seeking reformation must allege the provision that was agreed upon, the provision that was written, and that the mistake was mutual. It is not required that the pleader allege facts as to how and why the mutual mistake came about. *Matthews v. Van Lines*, 264 N.C. 722, 142 S.E. 2d 665 (1965). 6 Strong, N. C. Index, Reformation of Instruments § 4 (2d Ed. 1968). We think the allegations by respondent as set forth in the initial statement of facts are sufficient to state a claim for reformation due to mutual mistake.

[5, 6] Petitioner's second defense was the statute of limitations. G.S. 1-52(9) establishes three years as the limitation on actions based on mistake. The period begins to run from the time the mistake is discovered or should have been discovered in the exercise of due diligence. *Lee v. Rhodes*, 231 N.C. 602, 58 S.E. 2d 363 (1950). Taking respondent's allegations as true, it is clear that the action was instituted within three years of

actual discovery of the mistake. Therefore, the trial court must have felt that respondent's allegations disclosed that the mistake should have been discovered more than three years earlier as a matter of law, but with this conclusion we cannot agree. Whether the plaintiff in the exercise of due diligence should have discovered the facts more than three years prior to the institution of the action is ordinarily for the jury when the evidence is not conclusive or is conflicting. *Lowery v. Wilson,* 214 N.C. 800, 200 S.E. 861 (1939). Failure to exercise due diligence in discovering a mistake has been determined as a matter of law where it was clear that there was both capacity and opportunity to discover the mistake. *Moore v. Casualty Co.,* 207 N.C. 433, 177 S.E. 406 (1934). A judgment on the pleadings based on the statute of limitations is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted, construing the non-movant's pleadings liberally in his favor and giving him the benefit of all relevant inferences of fact to be drawn therefrom. *Reidsville v. Burton,* 269 N.C. 206, 152 S.E. 2d 147 (1967). Applying this standard, we are unable to agree with the trial court that the pleadings disclose as a matter of law that in the exercise of due diligence the respondent should have discovered the mistake more than three years prior to filing the relevant pleading. The pleadings disclose only that respondent did not see the deed at the time of the transaction and that he relied on the statements of the grantors. Whether failure to read a deed will bar relief depends on the facts and circumstances in each case. *McCallum v. Insurance Co.,* 262 N.C. 375, 137 S.E. 2d 164 (1964). The pleadings disclose nothing of the facts and circumstances surrounding the delivery of the deed or other aspects of the transaction. We need not speculate on what circumstances should have led respondent to discover the mistake more than three years previously, nor are we to judge the likelihood of respondents' success on his claim. We think it clear that the pleadings do not disclose sufficient facts to establish as a matter of law that respondent failed to exercise due diligence.

Cases in our State granting a judgment on the pleadings based on the statute of limitations have concerned sections of the statute wherein the beginning date was readily fixed and did not depend upon any standard of reasonableness. 5 Strong, N. C. Index, Limitation of Actions § 18 (2d Ed. 1968). See Annot. 61 A.L.R. 2d 300 (1958).

[7]  Petitioner's final defense was laches. The doctrine of laches is more flexible than the statute of limitations, and may bar an equitable remedy by reason of inexcusable neglect or prejudicial delay for a period shorter than that in the statute. *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83 (1938). Delay which will constitute laches depends upon the facts and circumstances of each case. When the action is not barred by the statute, equity will not bar relief except upon special facts demanding extraordinary relief. *Creech v. Creech,* 222 N.C. 656, 24 S.E. 2d 642 (1943). As we have stated above, we do not think the pleadings disclose sufficient facts and circumstances to dispose of this case. The mere fact of divorce, absent a showing of reliance upon the entirety title or prejudice to the wife or any other appropriate ground, is not sufficient to establish the defense of laches at the pleading stage.

A judgment on the pleadings is not appropriate merely because the claimant's case is weak and he is unlikely to prevail on the merits. If the parties had offered new matter which revealed circumstances such as the person or persons in possession of the deed, concealment of the deed, the listing of the land for taxation and other relevant facts, it is possible that this proceeding could have been determined by summary judgment, but this was not done. It may be difficult for respondent to offer evidence tending to show that, though the realty was conveyed to him and his wife as tenants by the entirety by deed made thirteen years prior to this suit, he nevertheless used due diligence but failed to discover for a period of about ten years that the deed was so made. But we do not find that the pleadings preclude respondent from offering such evidence.

The judgment on the pleadings is

Reversed and the cause remanded.

Judges BRITT and PARKER concur.