ORA LEE CAMERON v. CLARENCE P. CAMERON

No. 7811SC605

(Filed 16 October 1979)

**Reformation of Instruments § 1.2— reformation for mistake of draftsman**

> Defendant husband's evidence on motion for summary judgment was suffi-
> cient to support a claim for reformation of a note and deed of trust for mutual
> mistake by striking the name of plaintiff wife therefrom where defendant's af-
> fidavit stated that, although an option to purchase land owned only by defend-
> ant stated that the consideration for the sale would be paid to plaintiff and
> defendant, plaintiff agreed that the note and deed of trust would be drawn so
> that the full purchase price would be paid only to defendant, and the note and
> deed of trust were drawn in favor of both plaintiff and defendant because of a
> mistake of the draftsman.

APPEAL by defendant from *Canaday, Judge*. Judgment
entered 17 April 1978 in Superior Court, HARNETT County. Heard
in the Court of Appeals 23 April 1979.

The defendant owned a 49.42-acre tract of land acquired
before his marriage. On 17 March 1977 the defendant and his
wife, the plaintiff, entered into an option agreement with A. C.
Morrison, Jr. to convey this property in exchange for a deed and
note payable to the plaintiff and defendant. On 1 April 1977, A. C.
Morrison, Jr. exercised his option by executing a note payable
jointly to the parties and secured by a deed of trust executed to
them. On 11 April 1977, the plaintiff and defendant separated.

The plaintiff initiated this action on 30 January 1978 seeking
a one-half interest in the sale proceeds from this transaction. The
defendant counterclaimed alleging that the plaintiff's name was
mistakenly included on the note and deed contrary to instructions
given the drafting attorney. The plaintiff made a motion for sum-
mary judgment. She filed her own affidavit in support of the mo-
tion. She alleged in the affidavit that there was not a mistake on
her part in the execution of the option or the deed, and that she
signed the option and the deed in exchange for her right to
receive one-half the proceeds of the sale. The defendant filed an
affidavit in which he alleged that notwithstanding the terms set
out in the option, the attorney who prepared the note and deed of
trust was instructed with the full consent and approval of the
plaintiff to prepare the note and deed of trust in favor of the

defendant only. The court granted summary judgment for plaintiff from which defendant appealed.

*Bryan, Jones, Johnson, Hunter and Greene, by Robert C. Bryan, for plaintiff appellee.*

*Neill McK. Ross for defendant appellant.*

WEBB, Judge.

The defendant does not contend there was a mistake in the option which provided that the consideration for the sale would be paid to plaintiff and defendant. He does contend that in spite of the option's terms the plaintiff agreed that the note and deed of trust would be drawn so that the full purchase price would be paid to the defendant, and it was a mistake on the part of the draftsman that the note and deed of trust were not so drawn. The question raised by this appeal is whether this contention of the defendant presents a genuine issue of material fact. G.S. 1A-1, Rule 56; *Executive Leasing Associates v. Rowland*, 30 N.C. App. 590, 227 S.E. 2d 642 (1976).

Based on the defendant's affidavit, it appears that when the option was made, which provided the note would be payable to plaintiff and defendant, the defendant gave plaintiff one-half the proceeds of the proposed sale. A gift is presumed when a husband has the title to personal property placed in his and his wife's joint names. *Underwood v. Otwell*, 269 N.C. 571, 153 S.E. 2d 40 (1967). Defendant by his affidavit offers nothing that would rebut this presumption of gift. He does contend that at the time the note and deed of trust were executed, the draftsman was told, with the consent of the plaintiff, to make the note payable to defendant. He does not state there was any consideration for this transfer by the wife of her share of the note to him. Plaintiff, relying on *Tile and Marble Co. v. Construction Co.*, 16 N.C. App. 740, 193 S.E. 2d 338 (1972), contends there must be consideration to support the transfer by plaintiff to defendant of her interest in the note. That case involved an executory contract. The defendant in the case sub judice has offered evidence by way of affidavit that the plaintiff consented to his instruction to the draftsman to make the note payable to him. No consideration would be required for this fully executed agreement. 17 Am. Jur. 2d, Contracts, § 86, p. 429. The defendant in effect says by his affidavit

that the parties agreed the note would be made payable to defendant and through an error on the part of the draftsman, this was not done. This is enough to support a claim for reformation for mutual mistake. *Huss v. Huss*, 31 N.C. App. 463, 230 S.E. 2d 159 (1976).

We hold it was error for the court to enter a summary judgment for plaintiff.

Reversed and remanded.

Chief Judge MORRIS and Judge HEDRICK concur.