NO. COA14-683

NORTH CAROLINA COURT OF APPEALS

Filed: 3 February 2015

WELLS FARGO BANK, N.A.,
successor by merger to Wachovia
Bank, N.A.,
    Plaintiff,

v.                                       Davidson County
                                         No. 11-CVS-3357
EDNA S. COLEMAN a/k/a EDNA
COLEMAN, et al.,
    Defendants.


Appeal by plaintiff from order entered 20 February 2014 by

Judge A. Robinson Hassell in Davidson County Superior Court.

Heard in the Court of Appeals 20 October 2014.


> *Womble Carlyle Sandridge & Rice, LLP, by Kenneth B.
> Oettinger, Jr., Chad Ewing, and Lee Davis Williams, for
> plaintiff-appellant.*

> *Biesecker, Tripp, Sink & Fritts, L.L.P., by Joe E.
> Biesecker and Christopher A. Raines, for defendant-
> appellee.*


DIETZ, Judge.


In 2007, Robert and Edna Coleman refinanced their home

mortgage through Wells Fargo Bank, N.A. (then Wachovia Bank).

The Colemans' home is situated on two lots adjacent to another

two empty, undeveloped lots. The deed of trust prepared by

Wachovia listed the correct street address for the Coleman home,

but mistakenly referenced the book and page number and tax parcel ID of the adjacent, undeveloped lots.

In 2010, Wells Fargo attempted to foreclose on the property and discovered, for the first time, the mistaken references in the deed of trust. Wells Fargo sought reformation of the instrument on the ground of mutual mistake. Defendants Edna Coleman and the Estate of Ronald Coleman (who passed away) moved for summary judgment, arguing that had Wells Fargo acted with reasonable diligence, it would have immediately discovered the error. Defendants also argued that the reformation claim is barred by the statute of limitations, the equitable doctrine of laches, and the non-claim statute. The trial court granted Defendants' motion for summary judgment.

We reverse and remand this case for further proceedings. A claim for reformation does not require proof that the party seeking reformation acted with reasonable diligence. Indeed, even if the mistake was the result of negligence or neglect, a trial court still has the authority to reform the instrument if there is clear, cogent, and convincing evidence that the mutual mistake prevents the instrument from embodying the parties' actual, original agreement. Likewise, this action is one to enforce a deed of trust, with the reformation claim a necessary

part of that enforcement effort. Thus, the non-claim statute, which bars certain untimely claims against a decedent's estate, does not apply.

Finally, with respect to the statute of limitations and laches defenses, there are genuine issues of material fact that preclude entry of summary judgment. Both defenses turn on when Wells Fargo should have discovered the mistake in the exercise of reasonable or due diligence. There is competing evidence on this issue and it must be resolved by a jury. Accordingly, we reverse the trial court's entry of summary judgment and remand for further proceedings.

**Facts and Procedural History**

Defendants Edna S. Coleman and the Estate of Ronald G. Coleman own lots 42, 43, 44, and 45 in the Rockland Shores Estates subdivision in Davidson County, North Carolina. Although the lots are neighboring, they are of considerably different value. Mr. Coleman acquired lots 42 and 43, which are commonly known as 167 Lakeview Drive, Linwood, North Carolina, on 3 March 1987. This property is improved with a single-family home and had a tax value of $95,000 at the time the complaint was filed in this action. Mr. Coleman and his wife acquired lots 44 and 45 on 24 September 1996. This unimproved property

is located adjacent to the developed property and had a tax value of $11,900 at the time the complaint was filed.

On 19 January 2007, Mr. Coleman borrowed money from Wells Fargo's predecessor in interest, Wachovia Bank, N.A., in the principal amount of $138,567.00. A promissory note was completed that same day, secured by a deed of trust executed by both Mr. and Mrs. Coleman. The deed of trust, prepared by Wachovia and recorded in the Davidson County Registry on 8 February 2007, identified the property as:

> All that real property situated in the County of Davidson, State of North Carolina:
>
> Being the same property conveyed to the Grantor by Deed recorded in Book 1007, Page 1013, Davidson County Registry, to which deed reference is hereby made for a more particular description of this property.
>
> Property Address: 167 Lakeview Drive
>
> Parcel ID: 06-027-A-000-0044

The property address in the deed of trust identifies the developed property on lots 42 and 43, but the book and page description and the parcel ID identify the unimproved property on lots 44 and 45.

About a month before the deed of trust was executed, Wachovia obtained an appraisal of the developed property in connection with its loan to Mr. Coleman. That appraisal

estimated the property's value at $215,000 as of 15 December 2006. The report specifically identified lot 42 and recites "Deed Book: 5700 Page: 664" as the legal description of the property being appraised. Although the Davidson County Register of Deeds does not have a book 5700, the deed at book 570, page 664 refers to lots 42 and 43, the developed property on which the Colemans built their home. Wachovia did not obtain an appraisal of the adjacent, undeveloped property.

Defendants applied approximately $131,699.27 of the loan to pay off their existing mortgage on the developed property. Sadly, Mr. Coleman died on 28 October 2008. Mrs. Coleman notified Wachovia shortly after her husband's death. In addition, as administratrix of the Ronald G. Coleman Estate, Mrs. Coleman provided notice to creditors through publication in a local newspaper on four dates throughout January and February 2009.

Wells Fargo acquired the loan at issue in this case on or about 20 March 2010, when it obtained substantially all of Wachovia's assets by way of merger. After the Coleman Estate defaulted on its payment obligations under the terms of the note, Wells Fargo initiated foreclosure proceedings in Davidson County on 8 December 2010. Defendants contested the foreclosure

proceedings on the ground that the deed of trust contained the legal description of the unimproved property, rather than the developed property upon which Wells Fargo sought to foreclose.

Wells Fargo voluntarily dismissed the foreclosure proceedings and instituted this action seeking reformation of the deed of trust and judicial foreclosure of the developed property. In the alternative, Wells Fargo sought a declaratory judgment or equitable lien and judicial foreclosure of the undeveloped property described in the deed of trust.

Both parties moved for summary judgment. At the hearing, the parties agreed that there were no contested issues of material fact and that their respective arguments were based on "basically the same information." Defendants argued that Wells Fargo was barred from relief by the statute of limitations, laches, lack of reasonable diligence, and the non-claim statute.

Without specifying the grounds on which it based its judgment, the superior court entered an order granting Defendants' motion for summary judgment and dismissing Wells Fargo's claims with prejudice. Wells Fargo timely appealed.

## Analysis

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013). In ruling on a motion for summary judgment, the trial court has no authority to resolve factual issues and must deny the motion if there is any genuine issue of material fact. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). "Moreover, all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion." *Id.* (internal quotation marks omitted). An issue of fact is genuine where supported by substantial evidence, and "is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). This Court reviews appeals from summary judgment *de novo*. *Stratton v. Royal Bank of Canada*, 211 N.C. App. 78, 81, 712 S.E.2d 221, 226 (2011).

**I. Timeliness of Wells Fargo's Claims**

    **A.    Statute of Limitations**

Defendants argue that Wells Fargo's reformation claim is barred by the statute of limitations. To address this argument, we must first determine which statute of limitations to apply in this appeal. In the trial court, both parties relied entirely on the three-year statute of limitations "[f]or relief on the ground of fraud or mistake" under N.C. Gen. Stat. § 1-52(9) (2013). On appeal, Wells Fargo argues for the first time that the ten-year statute of limitations applicable to sealed instruments, N.C. Gen. Stat. § 1-47(2), is the proper limitations statute for this action.

Wells Fargo concedes that this argument was not raised below, but asks this Court in its discretion to suspend the Appellate Rules and permit the company to raise the argument for the first time on appeal. We decline to do so and find this argument waived on appeal.[1] *See* N.C. R. App. P. 10 (2013); *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001) ("[I]ssues and theories of a case not raised below will not be considered on appeal."). We therefore apply the three-year statute of limitations in N.C. Gen. Stat. § 1-52(9).

---

[1] Our finding of waiver on appeal does not bar the trial court from addressing this issue on remand.

An order granting summary judgment "based on the statute of limitations is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted, construing the non-movant's pleadings liberally in his favor and giving him the benefit of all relevant inferences of fact to be drawn therefrom." *Huss v. Huss*, 31 N.C. App. 463, 468, 230 S.E.2d 159, 163 (1976). For a claim based on fraud or mistake subject to section 1-52(9), "the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C. Gen. Stat. § 1-52(9). A plaintiff "discovers" the mistake—and therefore triggers the running of the three-year limitations period—when he actually learns of its existence or should have discovered the mistake in the exercise of due diligence. *See Hyde v. Taylor*, 70 N.C. App. 523, 528, 320 S.E.2d 904, 908 (1984).

Our case law is clear that the question of whether a plaintiff has exercised due diligence is ordinarily one for the jury. *See, e.g.*, *Huss*, 31 N.C. App. at 468, 230 S.E.2d at 163. "This is particularly true when the evidence is inconclusive or conflicting." *Forbis*, 361 N.C. at 524, 649 S.E.2d at 386. Thus, where there is a dispute of material fact concerning when

the plaintiff should have discovered the mistake in the exercise of due diligence, summary judgment is inappropriate, and the case must be submitted to a jury. *See Spears v. Moore*, 145 N.C. App. 706, 708, 551 S.E.2d 483, 485 (2001).

Defendants argue that Wells Fargo should have discovered the mistake in the deed of trust at the time it was executed and recorded, more than three years prior to the filing of this action. They argue that Wells Fargo, in the exercise of due diligence, should have cross-referenced the legal description in the loan documents with the description contained in the Davidson County Registry. Although the deed of trust listed the correct street address of the developed property, the book and page number and parcel ID number referenced the undeveloped property. Defendants also contend that Wells Fargo should have discovered discrepancies between the information in the deed of trust and the same information in the appraisal report (which contained the correct book and page number for the developed property, albeit with an apparent typo). Defendants maintain that, had Wells Fargo done any of this follow-up diligence, it would have discovered the mistake. Thus, Defendants assert that they have shown as a matter of law that Wells Fargo failed to exercise due diligence. We disagree.

Our Supreme Court, applying N.C. Gen. Stat. § 1-52(9), has held that "the mere registration of a deed, containing an accurate description of the locus in quo and indicating on the face of the record facts disclosing the alleged fraud, will not, standing alone, be imputed for constructive notice of the facts constituting the alleged fraud, so as to set in motion the statute of limitations." *Vail v. Vail*, 233 N.C. 109, 117, 63 S.E.2d 202, 208 (1951). Instead, "there must be facts and circumstances sufficient to put the defrauded person on inquiry which, if pursued, would lead to the discovery of the facts constituting the fraud."[2] *Id.*

In other words, the mere fact that there were indications of fraud or mistake on the face of the document does not trigger the statute of limitations as a matter of law. Instead, the running of the limitations period turns on the factual determination of when, in the exercise of due diligence, the party reasonably should have been expected to follow up and ultimately discover the mistake. This is a factual determination that ordinarily must be resolved by a jury. *See id.* at 118, 63 S.E.2d at 209.

---

[2] Section 1-52(9) applies equally to both fraud and mutual mistake.

This Court confirmed the *Vail* holding in *Huss*, where we reversed the trial court's grant of summary judgment in a reformation case based on the statute of limitations. 31 N.C. App. at 467-68, 230 S.E.2d at 163. In *Huss*, a litigant petitioned for a partition sale of real property allegedly owned by her and her ex-husband as tenants in common. *Id.* at 465, 230 S.E.2d at 161. The ex-husband sought reformation, arguing that the inclusion of his wife's name on the deed was the result of a mutual mistake, and that he had specifically requested assurances from the grantors of the property that it would be recorded solely in his name. *Id.* The husband conceded that he did not even read the deed. Nevertheless, this Court held that "[w]hether failure to read a deed will bar relief depends on the facts and circumstances in each case" and that it was for the jury to determine what constituted the exercise of due diligence on those particular facts. *Id.* at 468, 230 S.E.2d at 163.

Under *Vail* and *Huss*, summary judgment is inappropriate in this case. The deed of trust listed the correct street address of the developed property. Although the legal description was not accurate, that mistake would have been discovered only if Wells Fargo had double-checked the accuracy of the book and page description and the parcel ID, which would have disclosed the

mistaken references to the adjacent, undeveloped property. Wells Fargo maintains that, given the accurate property address, its failure to immediately double-check the legal description and discover the mistake was not unreasonable. Under *Vail* and *Huss*, whether this type of double-checking would be necessary "in the exercise of due diligence," and at what point it should have taken place, are factual determinations that cannot be resolved at summary judgment. Accordingly, we hold that summary judgment was not appropriate based on Defendants' statute of limitations defense.

### B.   Laches

Defendants next argue that summary judgment was appropriate because Wells Fargo's claims are barred by the equitable doctrine of laches. As with Defendants' statute of limitations defense, we hold that their laches defense raises issues of fact that cannot be resolved at summary judgment.

"The doctrine of laches is designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Stratton*, 211 N.C. App. at 88-89, 712 S.E.2d at 230 (internal quotation marks omitted). "Delay which will constitute laches depends upon the

facts and circumstances of each case. When the action is not barred by the statute, equity will not bar relief except upon special facts demanding extraordinary relief." *Huss*, 31 N.C. App. at 469, 230 S.E.2d at 163.

Laches is an affirmative defense which must be pleaded, and the burden of proof is on the party asserting the defense. *Taylor v. City of Raleigh*, 290 N.C. 608, 622, 227 S.E.2d 576, 584 (1976). To succeed on the defense of laches, the defendant must show that the delay "resulted in some change in the condition of the property or the relation of the parties." *MMR Holdings, LLC v. City of Charlotte*, 148 N.C. App. 208, 209, 558 S.E.2d 197, 198 (2001). "[T]he mere passage or lapse of time is insufficient to support a finding of laches; for the doctrine of laches to be sustained, the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke it." *Taylor*, 290 N.C. at 622-23, 227 S.E.2d at 584-85.

Here, Defendants failed to show that they are entitled to summary judgment on the issue of laches. On the question of whether the delay was reasonable, Wells Fargo forecast evidence explaining its delay in seeking reformation, including the fact that the street address on the deed of trust correctly

referenced the developed property. It was only the book and page numbers and the parcel ID that allegedly were mistaken, and those mistakes were not apparent on the face of the document. Reasonableness is a quintessential fact issue, *see Radford v. Norris*, 63 N.C. App. 501, 503, 305 S.E.2d 64, 65 (1983), and the evidence Wells Fargo presented in this case is sufficient to create a genuine issue of material fact concerning whether its delay in discovering the mistake was reasonable. Accordingly, Defendants' laches defense cannot be resolved at summary judgment.

### C. Non-Claim Statute

Defendants next argue that because Wells Fargo failed to present its reformation claim within the statutory window to present claims against a decedent's estate, this cause of action is barred by the non-claim statute, N.C. Gen. Stat. § 28A-19-3(a) (2013). We reject this argument because the non-claim statute does not preclude actions that seek to effectuate and enforce a deed of trust.

Like a statute of limitations, the non-claim statute works to limit the time in which a claimant may bring the suit against a decedent's estate. *Azalea Garden Bd. & Care, Inc. v. Vanhoy*, 196 N.C. App. 376, 386-87, 675 S.E.2d 122, 129 (2009). The

purpose of the non-claim statute is "to provide faster and less costly procedures for administering estates" by allowing the personal representative to efficiently identify all claims against the estate and requiring that creditors present their claims within a specified time frame. *Id.* at 387, 675 S.E.2d at 129. However, the statute balances these interests in efficiency against the rights of real property creditors, explicitly providing that "[n]othing in this section affects or prevents any action or proceeding to enforce any mortgage, deed of trust, pledge, lien (including judgment lien), or other security interest upon any property of the decedent's estate, but no deficiency judgment will be allowed if the provisions of this section are not complied with." N.C. Gen. Stat. § 28A-19-3(g).

This is an action to "enforce . . . [a] deed of trust." Wells Fargo expressly seeks enforcement of the deed of trust at issue in this case, and its claim for reformation of the deed of trust—seeking to correct an alleged mutual mistake preventing enforcement—is a necessary part of the overall enforcement action. Accordingly, we hold that the non-claim statute does not apply and thus cannot support the trial court's entry of summary judgment.

## II.  Wells Fargo's Claim for Reformation

Finally, we address the merits of Wells Fargo's reformation claim.  "Reformation is a well-established equitable remedy used to reframe written instruments where, through mutual mistake or the unilateral mistake of one party induced by fraud of the other, the written instrument fails to embody the parties' actual, original agreement."  *Metropolitan Prop. & Cas. Ins. Co. v. Dillard*, 126 N.C. App. 795, 798, 487 S.E.2d 157, 159 (1997). Where a legal instrument does not express the true intentions of the parties due to mutual mistake or the mistake of the draftsman, reformation is available.  *McBride v. Johnson Oil & Tractor Co.*, 52 N.C. App. 513, 515, 279 S.E.2d 117, 119 (1981).

On appeal, Defendants argue that summary judgment was appropriate on the merits based entirely on a single legal argument:  that reformation is impermissible because Wells Fargo did not use "reasonable diligence" in drafting the deed of trust.  As explained above, there is a fact dispute concerning whether Wells Fargo used reasonable diligence, and thus summary judgment would be inappropriate on this ground.  But there is a more fundamental flaw in Defendants' argument:  there is no "reasonable diligence" requirement in an action for reformation based on mutual mistake.

A mutual mistake is one that is shared by both parties to the contract, "wherein each labors under the same misconception respecting a material fact, the terms of the agreement, or the provisions of the written instrument designed to embody such agreement." *Dillard*, 126 N.C. App. at 798, 487 S.E.2d at 159. A party seeking reformation on the ground of mutual mistake must prove that the parties agreed upon a material stipulation to be included in the written instrument, that the stipulation was omitted by the parties' mistake, and that because of the mistake, the written instrument does not express the parties' intention. *See Branch Banking & Trust Co. v. Chicago Title Ins. Co.*, 214 N.C. App. 459, 464, 714 S.E.2d 514, 518 (2011). The party seeking reformation must prove the existence of the mutual mistake by "clear, cogent and convincing evidence." *Hice v. Hi-Mil, Inc.*, 301 N.C. 647, 651, 273 S.E.2d 268, 270 (1981); *see also Durham v. Creech*, 32 N.C. App. 55, 59, 231 S.E.2d 163, 166 (1977).

Notably, "[n]egligence on the part of one party which induces the mistake does not preclude a finding of mutual mistake." *Dillard*, 126 N.C. App. at 798, 487 S.E.2d at 159 (brackets omitted). In *Dillard*, for example, the defendant provided the wrong street number on his application for a

property insurance policy. *Id.* at 797-98, 487 S.E.2d at 158-59. This Court affirmed reformation of the policy to cover the correct property address despite the fact that the policyholder's own neglect caused the mistake. *Id.* at 799, 487 S.E.2d at 159. And in *Huss*, as explained above, a husband claimed that his ex-wife's name was mistakenly included on a deed to his property. *Huss*, 31 N.C. App. at 465, 230 S.E.2d at 161. The husband conceded that the existence of his ex-wife's name was apparent on the face of the deed, and admitted that he did not even read the deed. *Id.* We nevertheless concluded that he had stated a claim for reformation, explaining that "[i]t is not required that the pleader allege facts as to how and why the mutual mistake came about." *Id.* at 467, 230 S.E.2d at 162.

Simply put, a party seeking reformation of a written instrument need not allege or prove that the mutual mistake was a reasonable or neglect-free mistake. Even if the mistake resulted from that party's failure to exercise reasonable diligence, reformation is available if there is clear, cogent, and convincing evidence that the mistake was a mutual one and that it prevents the instrument from embodying the parties' actual, original agreement. *Dillard*, 126 N.C. App. at 798-99,

487 S.E.2d at 159; *see also* 25A Strong's N.C. Index 4th Reformation of Instruments § 1, at 82 (2006).

Here, Wells Fargo presented uncontested evidence that the deed of trust includes the correct property address of the developed property. The appraisal conducted during the loan origination process was performed on the developed property. Defendants applied the vast majority of the loan to pay off their existing mortgage on that developed property. Finally, and most importantly, Defendants did not forecast any evidence at trial tending to show that the deed of trust was intended to reference the undeveloped, empty lots.

Because Defendants have not forecast any evidence to rebut Wells Fargo's showing of mutual mistake, Wells Fargo is entitled to reformation unless Defendants prevail on one of their defenses. As discussed above, Defendants' statute of limitations and laches defenses raise issues of fact that cannot be resolved at summary judgment. Accordingly, we reverse the trial court's entry of summary judgment and remand this case for further proceedings below.

## Conclusion

For the reasons set forth above, there are material issues of fact precluding resolution of this case as a matter of law.

Accordingly, we reverse the trial court's entry of summary judgment and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Chief Judge McGEE and Judge STEPHENS concur.