GREGORY A. SPEARS AND LESLIE G. SPEARS, PLAINTIFFS V. SAM W. MOORE, DEFENDANT

No. COA00-721

(Filed 21 August 2001)

**Statute of Limitations–fraud— failure to pursue provisional perk test—due diligence—summary judgment improper**

The trial court improperly granted summary judgment·for defendant based on the statute of limitations where plaintiffs bought real property with defendant as the seller's broker; the contract required a satisfactory "perk" test; defendant provided plaintiffs with a recorded map containing a certification of provisional approval for subsurface sewer treatment subject to the issuance of permits by the Health Department; the closing occurred in January of 1989; plaintiffs never developed the property and entered into a contract to sell in March of 1998; a permit was denied by the Health Department and the contract was terminated; and plaintiffs brought an action on several claims, including fraud. Although defendant argues that plaintiffs had both the opportunity and the capacity to discover the alleged fraud, plaintiffs were not required to build upon their property and believed they were under no pressing impetus to have their property further evaluated by the Health Department. It cannot be stated that their failure to further investigate the purported certificate and its five-year limitation constitutes neglect as a matter of law.

Appeal by plaintiffs from order entered 20 March 2000 by Judge A. Leon Stanback, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 18 April 2001.

*Dorrestein & Crane, L.L.P., by Ronald Dorrestein and Shelly D. Crane, for plaintiff appellants.*

*Holt, Longest, Wall & Blaetz, P.L.L.C., by Frank A. Longest, Jr., for defendant appellee.*

SPEARS v. MOORE

[145 N.C. App. 706 (2001)]

TIMMONS-GOODSON, Judge.

Gregory and Leslie Spears (plaintiffs) appeal from an order granting summary judgment to Sam Moore (defendant) based on the bar of the statute of limitations.

On 9 August 1988, the parties negotiated and executed a contract in which plaintiffs agreed to purchase from Meadowood Development Corporation (Meadowood) certain real property located in Alamance County, North Carolina. As a real estate broker and Meadowood's representative, defendant prepared the contract, which among other things required that the Alamance County Health Department perform a "satisfactory 'perk' test" upon the property. According to plaintiffs, the parties understood that the land would pass a soil percolation test for a four-bedroom residence in order to satisfy the "perk test" condition. In November 1988, defendant allegedly informed plaintiffs that the land had received a satisfactory perk test. Defendant then provided plaintiffs with a recorded map of the property containing the following language:

CERTIFICATION OF APPROVAL OF SEWER FACILITIES

I HEREBY CERTIFY THAT ALL LOTS ARE PROVISSIONALLY [sic] APPROVED FOR SUBSURFACE SEWAGE TREATMENT AND DISPOSAL, EXCEPT AS NOTED ON THE PLAT, SUBJECT TO THE ISSUANCE OF IMPROVEMENT PERMITS BY THE HEALTH DEPARTMENT, AND, TO THE NORTH CAROLINA ADMINISTRATIVE CODE.

/S/ Alvin Cagle 11-23-88
HEALTH DIRECTOR OR DEPUTY

On 5 January 1989, the parties closed on the subject property. Plaintiffs never developed the property, and in March 1998 plaintiffs entered into a contract to sell the property to Kenneth and Julie Walker (the Walkers). This contract was contingent upon plaintiffs obtaining an improvement permit indicating the property's suitability for a ground absorption sewage system. When plaintiffs applied for an improvement permit, however, they were denied such by the Alamance County Health Department. Plaintiffs now assert that a perk test was never performed upon the subject property. Based on the denial of the improvement permit, the Walkers properly terminated the contract with plaintiffs.

On 20 April 1999, plaintiffs filed a complaint against defendant alleging breach of contract, breach of implied warranty, fraud and misrepresentation, negligent misrepresentation, unfair and deceptive trade practices, and requesting punitive damages. On 20 March 2000, the trial court granted defendant's motion for summary judgment, finding there was "no genuine issue as to any material fact" and that defendant was "entitled to a judgment as a matter of law as to all issues . . . based on the bar of the Statutes of Limitations." From this order, plaintiffs appeal.

---

Plaintiffs argue the trial court erred in granting summary judgment to defendant based on the bar of the statute of limitations. For the following reasons, we agree with plaintiffs and reverse the order of the trial court.

An order granting summary judgment to a party is appropriate when "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). Such an order "based on the statute of limitations is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted, construing the non-movant's pleadings liberally in his favor and giving him the benefit of all relevant inferences of fact to be drawn therefrom." *Huss v. Huss*, 31 N.C. App. 463, 468, 230 S.E.2d 159, 163 (1976).

For a claim based on fraud or mistake, "the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C. Gen. Stat. § 1-52(9) (1999). "Discovery" is defined as actual discovery or the time when the fraud should have been discovered in the exercise of due diligence. *See Hyde v. Taylor*, 70 N.C. App. 523, 528, 320 S.E.2d 904, 908 (1984). A suit must then be initiated within three years of such discovery in order to comply with the statute of limitations. *See* N.C. Gen. Stat. § 1-52 (1999). Whether a plaintiff has exercised due diligence is ordinarily an issue of fact for the jury absent dispositive or conclusive evidence indicating neglect by the plaintiff as a matter of law. *See Huss* at 468, 230 S.E.2d at 163. In other words, when there is a dispute as to a material fact regarding when the plaintiff should have discovered the fraud, summary judgment is inappropriate, and it is for the jury to decide if the plaintiff should have discovered the fraud. Failure to exercise due diligence may be determined as a mat-

ter of law, however, where it is "clear that there was both capacity and opportunity to discover the mistake." *Id.*

In the case at bar, defendant argues that summary judgment was appropriate, as plaintiffs had both opportunity and capacity to discover the alleged fraud. Defendant notes the language on the recorded map regarding alleged sewage treatment approval for the property stated that such approval was merely provisional, and therefore, temporary in nature. Defendant contends the provisional approval for sewage treatment in fact expired after five years, at which time a new application should have been submitted by plaintiffs. Defendant argues plaintiffs had the opportunity and the capacity any time before the provisional approval expired, and within three years after the provisional approval expired, to discover that the property would not perk. The discovery would have led them to believe defendant had defrauded them. Therefore, according to defendant, plaintiffs had ample time to discover the facts upon which their present suit is based, and their failure to reasonably inquire after the nature of the provisional certificate amounts to a failure to exercise due diligence as a matter of law. We disagree.

As stated above, "[w]hether the plaintiff in the exercise of due diligence should have discovered the facts [regarding the existence of potential fraud] more than three years prior to the institution of the action is ordinarily for the jury when the evidence is not conclusive or is conflicting." *Huss*, 31 N.C. App. at 468, 230 S.E.2d at 163. In *Huss*, this Court reversed the trial court's grant of summary judgment based on the statute of limitations. In that case, a divorced wife petitioned the court for a partition sale of realty allegedly owned by petitioner and her ex-husband as tenants in common. Respondent ex-husband denied petitioner's interest in the property, asserting that petitioner's name on the deed as a grantee, together with respondent's name, was a result of mutual mistake. Respondent alleged that he alone had purchased the property in 1962, and accordingly, that he had requested and received assurances from the grantors of the property that the property was recorded solely in his name. Relying on these assurances, respondent did not learn of the mistake until 1975, when a dispute arose over the divorce judgment. The trial court subsequently entered summary judgment against respondent based on the statute of limitations, and respondent appealed.

On review, this Court noted that the three-year statute of limitations begins to run from the time the mistake is actually discovered or should have been discovered in the exercise of due diligence.

Viewing the pleadings liberally in favor of respondent and giving him the benefit of all reasonable inferences of fact, this Court reversed the grant of summary judgment, stating

> [w]e need not speculate on what circumstances should have led respondent to discover the mistake more than three years previously, nor are we to judge the likelihood of respondents' [sic] success on his claim. We think it clear that the pleadings do not disclose sufficient facts to establish as a matter of law that respondent failed to exercise due diligence.
>
> . . . .
>
> . . . It may be difficult for respondent to offer evidence tending to show that, though the realty was conveyed to him and his wife as tenants by the entirety by deed made thirteen years prior to this suit, he nevertheless used due diligence but failed to discover for a period of about ten years that the deed was so made. But we do not find that the pleadings preclude respondent from offering such evidence.

*Id.* at 468-69, 230 S.E.2d at 163-64.

As in *Huss*, we are unable to agree with the trial court in the instant case that the pleadings and other evidence establish that plaintiffs failed to exercise due diligence as a matter of law in discovering alleged fraud by defendant. Plaintiffs believed, based on their contract and defendant's alleged representation, that their property had passed a soil percolation test. Plaintiffs chose not to build upon their property, nor were they required to do so. Rather, plaintiffs apparently retained the property for investment purposes. Thus, plaintiffs believed they were under no pressing impetus to have their property further evaluated by the Alamance County Health Department. We cannot say that plaintiffs' failure to further investigate the purported certificate and its five-year limitation constitutes neglect as a matter of law. As such, there remain genuine issues of material fact concerning plaintiffs' reasonableness in relying upon defendant's alleged assurances that the contractual obligation of a satisfactory perk test had been met. Whether plaintiffs can offer evidence tending to show they owned their property for ten years without discovering its poor percolation but nevertheless used due diligence may be difficult, but "[a] judgment on the pleadings is not appropriate merely because the claimant's case is weak and he is unlikely to prevail on the merits." *Id.* at 469, 230 S.E.2d at 163.

Because we conclude that genuine issues of material fact exist regarding plaintiffs' exercise of due diligence, we hold the trial court improperly granted summary judgment to defendant based on the bar of the statute of limitations. Accordingly, the order of the trial court is hereby reversed.

Reversed.

Judges WYNN and HUDSON concur.