SHIRLEY D. PILES, Plaintiff v. ALLSTATE INSURANCE COMPANY and
RICKY McGHEE, Defendants

No. COA06-1543

(Filed 4 December 2007)

**1. Insurance; Statutes of Limitation and Repose— automobile insurance—UIM coverage—forged rejection—fraud and negligence claims**

The trial court erred by dismissing as time barred claims by plaintiff insured whose signature on a UIM rejection form was allegedly forged against defendant automobile insurer and its agent to recover for negligence, fraud, constructive fraud, breach of covenant of good faith and fair dealing with punitive damages, unfair and deceptive trade practices, and breach of fiduciary duty because: (1) the issue of whether a claim is barred by the statute of limitations should be submitted to the jury when the evidence is sufficient to support an inference that the limitations period has not expired; (2) plaintiff asserted facts in her complaint sufficient to support an inference that the limitations periods for her claims had not expired; and (3) the date that plaintiff discovered or should have discovered the alleged fraud and negligence by defendants was a question of fact for the jury.

**2. Fraud— actual and constructive fraud—motion to dismiss—requirement to plead with sufficient particularity**

The trial court erred by dismissing plaintiff's claims for fraud and constructive fraud for failure to plead with sufficient particularity, because: (1) plaintiff was required to show the existence of a fiduciary duty and a breach of that duty; and (2) the facts and circumstances were alleged with sufficient particularity to support each required element of the claims when plaintiff outlined the fiduciary relationship she had with her insurance agent, as well as with Allstate through the insurance agent, and put forward allegations of forgery and deception that culminated in no UIM coverage from Allstate for plaintiff.

Judge HUNTER concurring in a separate opinion.

Appeal by plaintiff from order entered 13 July 1006 by Judge Orlando F. Hudson, Jr. in Superior Court, Durham County. Heard in the Court of Appeals 21 August 2007.

PILES v. ALLSTATE INS. CO.

[187 N.C. App. 399 (2007)]

*The Law Office of James Scott Farrin, by Marie D. Lang and Kenneth M. Gondek, for plaintiff-appellant.*

*Larcade, Heiskell & Askew, PLLC, by Roger A. Askew and Margaret P. Eagles, for defendants-appellees.*

WYNN, Judge.

The issue of whether a cause of action is barred by the statute of limitations should be submitted to a jury "[w]hen the evidence is sufficient to support an inference that the limitations period has not expired[.]"[1] Here, the plaintiff alleges fraud and negligence on the part of the defendants, the discovery of which would begin the accrual of her causes of action. Because we find that the date of her discovery is a question of fact for a jury, we reverse the trial court's dismissal of her claims as time-barred as a matter of law.

Plaintiff Shirley Piles alleges, *inter alia,* that Defendant Ricky McGhee, an Allstate Insurance agent, or someone acting on his behalf and with his authority, impermissibly signed Ms. Piles's name in July 1998 to a Selection/Rejection Form for Uninsured Motorist (UM) Coverage or Combined Uninsured/Underinsured Motorist (UM/UIM) Coverage for her insurance policy. The allegedly forged form rejected combined UM/UIM coverage and selected only UM coverage in the amount of $100,000 per person and $300,000 per accident. As a result, Allstate Insurance issued a car insurance policy to Ms. Piles and her husband on 10 July 1998, which offered liability coverage in the amount of $100,000 per person and $300,000 per accident and UM coverage in the amount of $100,000 per person and $300,000 per accident but did not, on its face, provide UIM coverage.

On 27 October 2000, while driving one of the vehicles covered by her Allstate Insurance policy, Ms. Piles was involved in a car accident; she was not at fault in the accident but did suffer personal injuries as a result. Debra Murray, the party responsible for the accident, carried liability coverage through Nationwide Insurance Company in the amount of $50,000 per person and $100,000 per accident.

In February 2003, Ms. Piles contacted Mr. McGhee to determine whether her Allstate Insurance policy contained UIM coverage and was told that it did not. Nonetheless, on 20 February 2003, Ms. Piles

---

1. *Everts v. Parkinson,* 147 N.C. App. 315, 319, 555 S.E.2d 667, 670 (2001) (citing *Little v. Rose,* 285 N.C. 724, 727, 208 S.E.2d 666, 668 (1974)).

notified Allstate Insurance that she intended to pursue a claim for UIM coverage. On 3 March 2003, Allstate Insurance provided Ms. Piles's attorney with a copy of the Selection/Rejection Form that Ms. Piles alleges was forged.

On 27 October 2003, Ms. Piles filed suit against Ms. Murray in connection with the injuries she suffered in the accident. Her attorney also forwarded a copy of the complaint against Ms. Murray to Allstate Insurance, stating Ms. Piles's belief that the UIM Selection/Rejection Form was forged and that she intended to pursue a claim for UIM coverage. Allstate Insurance advised Ms. Piles on 18 December 2003 that it maintained its position that she did not have UIM coverage under her policy.

On 21 June 2004, Ms. Piles informed Allstate Insurance of her scheduled mediation in the lawsuit against Ms. Murray. She also provided Allstate Insurance with copies of her signature, reiterating her claim that the signature on the UIM Selection/Rejection Form was forged. On 4 November 2004, Nationwide agreed to tender its limits of $50,000 under Ms. Murray's insurance policy to Ms. Piles. On 9 November 2004, Ms. Piles's attorney forwarded Nationwide's letter tendering its limits to Allstate Insurance and requested arbitration with respect to Ms. Piles's claim for UIM coverage of $50,000. Allstate Insurance again asserted that Ms. Piles did not have UIM coverage as part of her insurance policy and denied coverage.

After providing Allstate Insurance with a written report from a handwriting expert stating his belief that the signature on the Selection-Rejection Form was a forgery, Ms. Piles was again denied coverage by Allstate Insurance. She then filed suit against Allstate Insurance and Mr. McGhee on 22 November 2005, alleging fraud, constructive fraud, breach of fiduciary duty, and negligence by Mr. McGhee; and breach of contract, breach of covenant of good faith and fair dealing with punitive damages, fraud, constructive fraud, unfair and deceptive trade practices, negligent infliction of emotional distress, breach of fiduciary duty, and negligence by Allstate Insurance. On 30 January 2006, Allstate Insurance and Mr. McGhee filed an answer and motion to dismiss for failure to state a claim for which relief may be granted and for failure to comport with the statutory pleading requirements for the claims of fraud and constructive fraud. Among other defenses, Allstate Insurance and Mr. McGhee asserted that Ms. Piles should be barred from suit by the applicable statutes of limitations.

The trial court heard arguments on the motion to dismiss on 10 July 2006 and entered an order granting the motion on 13 July 2006, stating in relevant part:

> . . . [T]he court, having carefully reviewed the plaintiff's com-. plaint and having considered the applicable [case law], the appli-cable statutes of limitations as well as N.C. Rule of Civil Procedure 9(b) with regard to plaintiff's claims for fraud and con-structive fraud, and the court finds that plaintiff's complaint fails to state claims upon which relief may be granted and the Motion to [dismiss] should be GRANTED[.]

Ms. Piles now appeals, arguing that the trial court erred in (I) dis-missing each of the claims for relief in her complaint as not timely filed and barred by the statute of limitations; and (II) dismissing the claims for fraud and constructive fraud for failure to plead with suffi-cient particularity. In the alternative, Ms. Piles contends that Allstate Insurance and Mr. McGhee should be equitably estopped from assert-ing the statute of limitations as a defense.

We note at the outset that "appellate review of the dismissal of an action under North Carolina Rule of Civil Procedure 12(b)(6) is sub-ject to more stringent rules than other procedural postures that come before us." *Okuma Am. Corp. v. Bowers*, 181 N.C. App. 85, 88, 638 S.E.2d 617, 619 (2007); *see also* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2005). We consider only the question of whether, as a matter of law, the allegations of the complaint are sufficient to state a claim upon which relief can be granted under some legal theory. *See id.* Thus, we accept as true the well-pleaded factual allegations of the complaint and review the case *de novo* "to test the law of the claim, not the facts which support it." *White v. White*, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979) (quotation and citation omitted); *see also Locklear v. Lanuti*, 176 N.C. App. 380, 383, 626 S.E.2d 711, 714 (2006).

I.

[1] Ms. Piles first argues that the trial court erred in dismissing the claims for relief in her complaint as untimely filed and therefore barred by the statutes of limitations.[2] We agree.

---

2. Ms. Piles argued each of the claims asserted in her complaint in her brief to this Court, except for her claim for negligent infliction of emotional distress (NIED) against Allstate Insurance. Although she cited the relevant assignment of error in her brief, she failed to offer any argument in support of her contention that the claim for NIED should not have been dismissed. We therefore deem it abandoned. *See* N.C. R.

PILES v. ALLSTATE INS. CO.

[187 N.C. App. 399 (2007)]

According to our state Supreme Court:

> The application of any statutory or contractual time limit requires an initial determination of when that limitations period begins to run. A cause of action generally accrues when the right to institute and maintain a suit arises. Thus, a statutory limitations period on a cause of action necessarily cannot begin to run before a party acquires a right to maintain a lawsuit.

*Register v. White*, 358 N.C. 691, 697, 599 S.E.2d 549, 554 (2004) (internal citations and quotations omitted); *see also Raftery v. Wm. C. Vick Constr. Co.*, 291 N.C. 180, 186-87, 230 S.E.2d 405, 408 (1976) (holding that, until there is a legal right to maintain the underlying action, "the statute of limitations· cannot run"). Although it is well established that "[w]hether a cause of action is barred by the statute of limitations is a mixed question of law and fact[,]" *Jack H. Winslow Farms, Inc. v. Dedmon*, 171 N.C. App. 754, 756, 615 S.E.2d 41, 43, *disc. review denied*, 360 N.C. 64, 621 S.E.2d 625 (2005), we have also noted that "[w]hen the evidence is sufficient to support an inference that the limitations period has not expired, the issue should be submitted to the jury." *Everts v. Parkinson*, 147 N.C. App. 315, 319, 555 S.E.2d 667, 670 (2001) (citing *Little v. Rose*, 285 N.C. 724, 727, 208 S.E.2d 666, 668 (1974)).

With the exception of constructive fraud, which is governed by a ten-year statute of limitations, *see* N.C. Gen. Stat. § 1-56 (2005), each of Ms. Piles's claims is subject to either a three- or four-year statute of limitations. *See id.* § 1-52(1) (three years for an action "[u]pon a contract, obligation or liability arising out of a contract, express or implied"); § 1-52(5) (three years "for any other injury to the person or right of another, not arising on contract and not hereafter enumerated"); § 1-52(9) (three years for "relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."); § 75-16.2 (four years for actions brought under the Unfair and Deceptive Trade Practices Act).

Additionally, with respect to a claim for fraud, we have defined "discovery" within N.C. Gen. Stat. § 1-52(9) as "actual discovery or the time when the fraud should have been discovered in the exercise of due diligence." *Spears v. Moore*, 145 N.C. App. 706, 708, 551 S.E.2d

---

App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

483, 485 (2001). Our Supreme Court recently reiterated that accrual begins "at the time of discovery regardless of the length of time between the fraudulent act or mistake and plaintiff's discovery of it." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 386 (2007) (quoting *Feibus & Co. v. Godley Constr. Co.*, 301 N.C. 294, 304, 271 S.E.2d 385, 392 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E.2d 228 (1981)). Most significantly, "[o]rdinarily, a jury must decide when fraud should have been discovered in the exercise of reasonable diligence under the circumstances." *Id.* Nevertheless,

> When, as here, the fraud is allegedly committed by the superior party to a confidential or fiduciary relationship, the aggrieved party's lack of reasonable diligence may be excused. This principle of leniency does not apply, however, when an event occurs to "excite [the aggrieved party's] suspicion or put her on such inquiry as should have led, in the exercise of due diligence, to a discovery of the fraud."

*Id.* at 525, 649 S.E.2d at 386 (internal citations omitted).

In the instant case, Ms. Piles does not directly assert a UIM claim against Allstate Insurance in her complaint; rather, she argues that she has no UIM claim to assert due to their fraud and negligence, committed in breach of their fiduciary duty to her. Further, she points to North Carolina General Statutes § 20-279.21(b)(4) (2005), which makes UIM coverage a default provision of all automobile insurance unless explicitly rejected by the insured, to support her breach of contract claim, contending that she did not explicitly reject UIM coverage so Allstate Insurance breached the default provision of the contract by denying her UIM coverage.

As such, the critical dates at issue in Ms. Piles's complaint are when she discovered or reasonably should have discovered the alleged fraud or negligence committed by Allstate Insurance and Mr. McGhee, and when she was denied UIM coverage by Allstate Insurance. Ms. Piles signed her insurance policy in 1998, was injured in the car accident in October 2000, settled with the other driver's insurance company, exhausting those policy limits, in November 2004, and subsequently filed this suit in November 2005. Ms. Piles claims that she had no knowledge that her policy did not include UIM coverage until she was first informed of that fact by Allstate Insurance in February 2003. Additionally, she would not have acquired any contractual right to such coverage—if indeed it should have existed—until November 2004, when she exhausted the other

driver's policy. *See Register*, 358 N.C. at 698, 599 S.E.2d at 555 ("[A]n insured's contractual right to UIM coverage is expressly conditioned on the exhaustion of the liability carrier's policy limits. Exhaustion occurs when the liability carrier has tendered the limits of its policy in a settlement offer or in satisfaction of a judgment." (citations omitted)).

Likewise, according to the facts alleged in her complaint, Ms. Piles's claims for breach of covenant of good faith and fair dealing with punitive damages and unfair and deceptive trade practices are premised at least in part on Allstate Insurance's actions in response to the claim she filed for UIM coverage. As such, they would have accrued in November 2004, when she was denied UIM coverage. Morever, the basis of the constructive fraud claims clearly falls within ten years of the complaint, regardless of what dates are used. The breach of fiduciary duty claims also accrued when Ms. Piles allegedly discovered that her policy did not include UIM coverage. *See State Farm Fire & Cas. Co. v. Darsie*, 161 N.C. App. 542, 551, 589 S.E.2d 391, 398 (2003) (finding that an insured was excused from discovering the terms of her insurance policy by relying on representations made by her fiduciary insurance agent), *disc. review denied and dismissed*, 358 N.C. 241, 594 S.E.2d 194 (2004).

Thus, Ms. Piles has asserted facts in her complaint "sufficient to support an inference that the limitations period has not expired," *Everts*, 147 N.C. App. at 319, 555 S.E.2d at 670; therefore, we find that the trial court erred by finding as a matter of law that her claims are time-barred by the relevant statutes of limitations. The date of Ms. Piles's discovery of the alleged fraud or negligence—or whether she should have discovered it earlier through reasonable diligence—is a question of fact for a jury, not an appellate court. We therefore reverse the trial court's dismissal on statute of limitations grounds of Ms. Piles's claims for negligence, fraud, constructive fraud, breach of contract, breach of covenant of good faith and fair dealing with punitive damages, unfair and deceptive trade practices, and breach of fiduciary duty.

## II.

[2] Next, Ms. Piles argues that the trial court erred in dismissing her claims for fraud and constructive fraud for failure to plead with sufficient particularity. We agree.

North Carolina Rule of Civil Procedure 9(b) provides that a complaint alleging fraud must state the relevant circumstances "with par-

ticularity." N.C. Gen. Stat. § 1A-1, Rule 9(b) (2005); *see also Carver v. Roberts*, 78 N.C. App. 511, 513, 337 S.E.2d 126, 128 (1985) ("In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint for fraud must allege with particularity all material facts and circumstances constituting the fraud."). Nevertheless, "[i]t is sufficient if, upon a liberal construction of the whole pleading, the charge of fraud might be supported by proof of the alleged constitutive facts." *Id.* (quoting *Brooks Equip. & Mfg. Co. v. Taylor*, 230 N.C. 680, 686, 55 S.E.2d 311, 315 (1949)).

The elements of fraud are (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. *Id.* Similarly, to prove constructive fraud, a claimant must allege facts and circumstances "(1) which created the relation of trust and confidence, and (2) led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." *State ex rel. Long v. Petree Stockton, L.L.P.*, 129 N.C. App. 432, 445, 499 S.E.2d 790, 798 (quoting *Rhodes v. Jones*, 232 N.C. 547, 549, 61 S.E.2d 725, 726 (1950)), *disc. review dismissed*, 349 N.C. 240, 558 S.E.2d 190 (1998). "Further, an essential element of constructive fraud is that 'defendants sought to benefit themselves' in the transaction." *Id.* (quoting *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 667, 488 S.E.2d 215, 224 (1997)). Indeed, "[p]ut simply, a plaintiff must show (1) the existence of a fiduciary duty, and (2) a breach of that duty." *Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 28, 560 S.E.2d 817, 823, *disc. review dismissed and denied*, 356 N.C. 164, 568 S.E.2d 196 (2002).

After a careful review of Ms. Piles's complaint, and bearing in mind the directive to give it a "liberal construction" upon a Rule 12(b)(6) motion to dismiss, we conclude that the facts and circumstances are alleged with sufficient particularity to support each required element of the claims of fraud and constructive fraud. Ms. Piles outlined the fiduciary relationship she had with Mr. McGhee, her insurance agent, as well as with Allstate Insurance through him, and put forward allegations of forgery and deception that culminated in no UIM coverage from Allstate Insurance for Ms. Piles. These facts are sufficient to withstand a motion to dismiss. We therefore reverse the trial court and reinstate Ms. Piles's claims for fraud and constructive fraud.

**PILES v. ALLSTATE INS. CO.**

[187 N.C. App. 399 (2007)]

Reversed.

Judge HUNTER concurs by separate opinion.

Judge BRYANT concurs.

HUNTER, Judge, concurring.

While I concur with the majority that the ruling of the trial court should be reversed for the reasons stated therein, I write separately to clarify when the statute of limitations began to run against Ms. Piles on her claims of fraud and constructive fraud.

I agree that "the critical dates at issue in Ms. Piles's complaint are when she discovered or reasonably should have discovered the alleged fraud or negligence committed by Allstate Insurance and Mr. McGhee[.]" I disagree, however, that the dates are material as to when she exhausted the policy limits of the other motorist's insurance company.

As the majority correctly notes, this is not "a UIM claim against Allstate Insurance[,]" but is an action alleging, *inter alia*, fraud and constructive fraud. The statute of limitations on actions based on fraud begins to toll when the party actually discovers the fraud "or the time when the fraud should have been discovered in the exercise of due diligence." *Spears v. Moore*, 145 N.C. App. 706, 708, 551 S.E.2d 483, 485 (2001). In this case, Ms. Piles alleged that she discovered the fraud on 3 March 2003, when she received a copy of the Selection/Rejection Form related to UIM. Accordingly, were the jury to agree with her that she should have discovered the fraud on that date and not before, Ms. Piles would have had three years from 3 March 2003 in which to file a suit for fraud and ten years for filing her action on constructive fraud. *See* N.C. Gen. Stat. § 1-52(9) (2005) (party may file action on fraud within three years of discovering the facts constituting the fraud); *Adams v. Moore*, 96 N.C. App. 359, 362, 385 S.E.2d 799, 801 (1989) (aggrieved party has ten years in which to file an action for constructive fraud). She filed her actions within both applicable statutes of limitation in November 2005. Her claims on fraud, therefore, should not have been dismissed for failure to bring a cause of action within the statutory time frame.

Because this is not a UIM action, Ms. Piles was not required to exhaust the policy limitations on the other motorist's liability coverage before bringing her actions for fraud. Were that the case, Ms. Piles

would have three years to file her action for fraud from November 2004, the date on which the policy limits were exhausted. This is not the standard to determine when a claim of fraud begins to toll. Accordingly, I disagree with the majority insofar as they hold that Ms. Piles can wait to exhaust the policy limitations before the statute of limitations starts to run in the present action.