IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-912

No. COA20-160-3

Filed 29 December 2022

Mecklenburg County, No. 18-CVS-8266

CHESTER TAYLOR III, RONDA and BRIAN WARLICK, LORI MENDEZ, LORI
MARTINEZ, CRYSTAL PRICE, JEANETTE and ANDREW ALESHIRE,
MARQUITA PERRY, WHITNEY WHITESIDE, KIMBERLY STEPHAN, KEITH
PEACOCK, ZELMON MCBRIDE, Plaintiffs-Appellants,

v.

BANK OF AMERICA, N.A., Defendant-Appellee.

On remand from the Supreme Court of North Carolina, 2022-NCSC-117,

vacating and remanding the decision of the Court of Appeals, 279 N.C. App. 684, 863

S.E.2d 326 (2021). Appeal by plaintiffs from order entered 3 October 2019 by Judge

Lisa C. Bell in Mecklenburg County Superior Court. Originally heard in the Court of

Appeals 21 October 2021.

*Robinson Elliott & Smith, by William C. Robinson, Dorothy M. Gooding, and
Robert F. Orr, and Aylstock, Witkin, Kreis & Overholtz, PLLC, by Samantha
Katen, Justin Witkin, Chelsie Warner, Caitlyn Miller, and Daniel Thornburgh,
for plaintiffs-appellants.*

*McGuireWoods, LLP, by Bradley R. Kutrow, and Goodwin Procter LLP, by
Keith Levenberg, and James W. McGarry, for defendant-appellee.*

CARPENTER, Judge.

¶ 1       This case returned to us on remand from our Supreme Court to address whether the allegations made in Plaintiffs' complaint, if treated as true, are "sufficient to state a claim upon which relief can be granted under some legal theory." *Taylor v. Bank of Am., N.A.*, 2022-NCSC-117, ¶ 9 (citing *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013)). After conducting a thorough *de novo* review of the record, we hold the trial court erred when granting Defendant's 12(b)(6) motion.

## I. Facts & Procedural Background

¶ 2       We adopt the facts and procedural history of this case as described in this Court's previous opinion, while adding additional key facts considered in our *de novo* review. *See Taylor v. Bank of Am., N.A.*, 279 N.C. App. 684, 2021-NCCOA-556.

¶ 3       On 1 May 2018, eleven Plaintiffs initiated the underlying action against Defendant. On 13 March 2019, an amended complaint was filed after two of the initial Plaintiffs withdrew from the action, leaving nine Plaintiffs remaining. The remaining nine Plaintiffs are domiciled in North Carolina, Wisconsin, Michigan, Arizona, California, and Nevada.

¶ 4       Each Plaintiff sought a modification of their mortgage through Defendant's Home Affordable Modification Program ("HAMP"). Each Plaintiff communicated with loan representatives employed by Defendant regarding their respective HAMP qualification and application.

¶ 5        According to sworn declarations made by its employees, Defendant employed a common strategy of delaying HAMP applications by "claiming that documents were incomplete or missing when they were not, or simply claiming the file was 'under review' when it was not." Defendant's employees were instructed to "inform homeowners that modification documents were not received on time, not received at all, or that documents were missing, even when, in fact, all documents were received in full and on time." Defendant's employees "witnessed employees and managers change and falsify information in the systems of record." One employee of Defendant stated that he was instructed to participate in a "blitz," during which his team "would decline thousands of modification files . . . for no reason other than the documents were more than 60 days old."

¶ 6        Each Plaintiff had their mortgage foreclosed after applying for and being denied a HAMP modification. Plaintiffs allege they are victims of a fraudulent scheme exacted by Defendant.

## II. Standard of Review

¶ 7        The sole issue we consider is whether the trial court erred by granting Defendant's motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. "Our review of the grant of a motion to dismiss under Rule 12(b)(6) . . . is de novo." *Bridges*, 366 N.C. at 541, 742 S.E.2d at 796; *See Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.*, 231 N.C. App. 70, 75, 752 S.E.2d 661, 663 (2013)

(stating that the court should liberally construe the legal theory under which the requested relief was made.). "We consider 'whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory.'" *Id.* at 541, 742 S.E.2d at 796 (quoting *Coley v. State*, 360 N.C. 593, 631 S.E.2d 121, 123 (2006)).

### III. Analysis

¶ 8 At the heart of the underlying matter is whether Plaintiffs' claims are barred by the statute of limitations. In North Carolina a cause of action for a fraud claim must be brought within three years and "shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C. Gen. Stat. § 1-52(9) (2021). Discovery means either the actual discovery, or when the fraud should have been discovered in the exercise of "reasonable diligence under the circumstances." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 386 (2007) (citing *Bennett v. Anson Bank & Trust Co.*, 265 N.C. 148, 154, 143 S.E.2d 312, 317 (1965)). Generally, the appropriate date of discovery of "alleged fraud or negligence—or whether [the plaintiff] should have discovered it earlier through reasonable diligence—is a question of fact for a jury, not an appellate court." *Piles v. Allstate Insurance Co.*, 187 N.C. App. 399, 405, 653 S.E.2d 181, 186 (2007); *see Everts v. Parkinson*, 147 N.C. App. 315, 319, 555 S.E.2d 667, 670 (2001) (reasoning that

when "evidence is sufficient to support an inference that the limitations period has not expired, the issue should be submitted to the jury.").

¶ 9        Here, we hold the trial court erred in granting Defendant's 12(b)(6) motion. Upon review of Plaintiffs' complaint, taking the allegations therein as true, we determine that there are sufficient facts alleged to suggest Plaintiffs remained unaware of Defendant's alleged fraudulent scheme for many years and that they each suffered a resulting harm. Further, the determination of *when* Plaintiffs became aware of the fraud will be dispositive of whether the applicable statute of limitations had expired prior to Plaintiffs bringing their claims. For that reason, we hold that Plaintiffs' complaint sufficiently alleged enough information to withstand a motion to dismiss for failure to state a claim. *See* N.C. R. Civ. P. 12(b)(6).

¶ 10        The dissent states the statute of limitations ceased to be tolled at the time Plaintiffs' homes were foreclosed. This issue may be appropriate to address on a subsequent motion for summary judgment. The determination of *when* Plaintiffs became aware of the alleged fraud may also be appropriate to consider at a later procedural stage—but has no bearing at this juncture—as Plaintiffs have sufficiently pleaded a cause of action, treating all pled allegations as true, to survive dismissal pursuant to N.C. R. Civ. P. 12(b)(6). *See Bridges*, 366 N.C. at 541, 742 S.E.2d at 796. As such, we hold the trial court erred in granting Defendant's 12(b)(6) motion.

## IV. Conclusion

¶ 11     We conclude the trial court erred by granting Defendant's 12(b)(6) motion to dismiss.   Thus, we reverse the trial court's dismissal of Plaintiffs' complaint and remand for further proceedings.


REMANDED.

Judge JACKSON concurs.

Judge DILLON dissents by separate opinion.

No. COA20-160-3 – *Taylor v. Bank of America, N.A.*

DILLON, Judge, dissenting.

¶ 12        I dissent for the reasoning stated in my dissent in *Taylor v. Bank of America*, 279 N.C. App. 684, 863 S.E.2d 326 (2021) (Dillon, J., dissenting).  As I stated in that dissent, I conclude that the statute of limitations ceased to be tolled, if at all, by the time each plaintiff became aware of his/her injury, that is, when his/her home was foreclosed upon.  And since the complaint alleges when the foreclosures took place and that they took place more than three years before the complaint was filed, I conclude that dismissal pursuant to Rule 12(b)(6) was appropriate.